1  DAMIEN M. SCHIFF, No. 235101
   E-mail:  dms@pacificlegal.org
2  ANTHONY L. FRANÇOIS, No. 184100
   E-mail:  alf@pacificlegal.org
3  Pacific Legal Foundation
   930 G Street
4  Sacramento, California 95814
   Telephone:  (916) 419-7111
5  Facsimile:  (916) 419-7747

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DUARTE NURSERY, INC., a California Corporation; )   No. 2:13-cv-02095-LKK-DAD
   and JOHN DUARTE, an individual,              )
12                                               )   **PLAINTIFFS' COMBINED**
                Plaintiffs,                      )   **OPPOSITION TO FEDERAL**
13                                               )   **DEFENDANT'S AND STATE**
        v.                                       )   **DEFENDANTS' MOTIONS**
14                                               )   **TO DISMISS COMPLAINT**
   UNITED STATES ARMY CORPS OF ENGINEERS; )
15 et al.,                                       )   Date:  February 10, 2014
                                                 )   Time:  10:00 a.m.
16              Defendants.                      )   Courtroom 4
                                                 )   Judge:  Hon. Lawrence K. Karlton
17 _____       )   Trial Date:  None Set
                                                     Action Filed:  October 10, 2013
18

19

20

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Clean Water Act Permitting Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Clean Water Act Enforcement Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    State Certification Requirements and Enforcement . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FACTS ALLEGED IN THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Duarte and the Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Corps Cease and Desist Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Water Board Notice of Violation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Corps and Water Board Due Process Violations and Consequences for Duarte . . . . . . . . . 7

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.   THE COMPLAINT STATES VALID CLAIMS AGAINST THE CORPS FOR
        VIOLATION OF DUARTE'S PROCEDURAL DUE PROCESS RIGHTS . . . . . . . . . . 9

        A.  Duarte States Valid Claims Against the Corps That the
            Order Deprives Duarte of Property Without a Hearing . . . . . . . . . . . . . . . . . . . . . 10

        B.  Duarte States Valid Claims Against the Water Board That the Notice
            of Violation Deprives Duarte of Property Without a Hearing . . . . . . . . . . . . . . . . 11

        C.  Duarte Has Been Deprived of Property Interests . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    II.  DUARTE'S DUE PROCESS CHALLENGES TO THE
        ORDER AND NOTICE OF VIOLATION ARE RIPE . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.  Duarte's Due Process Claims Are Fit for Judicial Decision . . . . . . . . . . . . . . . . . 14

        B.  The Corps Fails To Provide Sound Authority To Support the Argument
            That Duarte's Due Process Claims Are Not Fit for Judicial Decision . . . . . . . . . . 15

        C.  Duarte Would Suffer Hardship from Delayed Judicial Consideration . . . . . . . . . . 17

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1                                                                                                **Page**

2   III.   THE ELEVENTH AMENDMENT DOES NOT BAR
           DUARTE'S SUIT AGAINST THE WATER BOARD,
3          BECAUSE THE COMPLAINT SEEKS PROSPECTIVE
           RELIEF FOR AN ONGOING CONSTITUTIONAL VIOLATION . . . . . . . . . . . . . . .   18
4
    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Abbot Labs. v. Gardner*, 387 U.S. 136 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Baker v. Carr*, 369 U.S. 186 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Banks v. Page*, 768 F. Supp. 809 (S.D. Fla. 1991),
    *vacated, appeal dismissed* 963 F.2d 385 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 15-16

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441 (1915) . . . . . . . . . . . . . . . . 5

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) . . . . . . . . . . . . . . . . . . . . 9-11

*Califano v. Sanders*, 430 U.S. 99 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cervantez v. Sullivan*, 719 F. Supp. 899 (E.D. Cal. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cervantez v. Sullivan*, 963 F.2d 229 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Champlaie v. BAC Home Loans Servicing, LP*,
    706 F. Supp. 2d 1029 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112 (9th Cir. 2009) . . . . . . . . . 14, 17

*Connecticut v. Doehr*, 501 U.S. 1 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dyke v. Zaiser*, 80 Cal. App. 2d 639 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Erickson v. Pardus*, 551 U.S. 89 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ex parte Young*, 209 U.S. 123 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*,
    543 F.3d 586 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873 (E.D. Cal. 2010) . . . . . . . . . . . . . . . 8

*HFH, Ltd. v. Superior Court*, 15 Cal. 3d 508 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Howell v. U.S. Army Corps of Eng'rs*, 794 F. Supp. 1072 (D.N.M. 1992) . . . . . . . . . . . . . . 16

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) . . . . . . . . . . . . . . . . . . . . . . . . 18

*KVOS, Inc. v. Associated Press*, 299 U.S. 269 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Londoner v. City & County of Denver*, 210 U.S. 373 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . 5

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**Page**

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Mathews v. Eldridge*, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Natural Res. Def. Council v. Abraham*, 388 F.3d 701 (9th Cir. 2004) . . . . . . . . . . . . . . .   17

*Oklevueha Native American Church of Hawaii, Inc. v. Holder*,
    676 F.3d 829 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14, 17

*R.J. Reynolds Tobacco Co. v. Bonta*, 272 F. Supp. 2d 1085 (E.D. Cal. 2003) . . . . . . . . . . .   10

*Rapanos v. United States*, 547 U.S. 715 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 17

*Richardson v. City & County of Honolulu*, 124 F.3d 1150 (9th Cir. 1997) . . . . . . . . . . . . .   15

*Route 26 Land Development Ass'n v. U.S. Government*,
    753 F. Supp. 532 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Sackett v. EPA*, 132 S. Ct. 1367 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3-4

*Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Sullivan By and Through Sullivan v. Vallejo City Unified School Dist.*,
    731 F. Supp. 947 (E.D. Cal. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Tri-State Dev. v. Johnston*, 160 F.3d 528 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . .   10

*United States v. Appel*, No. 98-55727, 2000 WL 27878 (9th Cir. Jan. 11, 2000) . . . . . . . . . .   13

*Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56 (9th Cir. 1994) . . . . . . . . .   9

*Westlands Water Dist. Distribution Dist. v. Natural Res. Def. Council, Inc.*,
    276 F. Supp. 2d 1046 (E.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

**Statutes**

33 U.S.C. § 1251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 1311(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3-4

§ 1319(b) - (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 1319(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

§ 1319(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

§ 1319(c)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 1319(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

§ 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

§ 1344(f)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**Page**

§ 1362(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 1362(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Cal. Water Code § 13327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

**Regulations**

33 C.F.R. § 326.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 11

§ 326.3(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 326.3(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

§ 326.5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 13, 16

40 C.F.R. § 19.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

**Constitution**

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

**Miscellaneous**

2A Moore, J., Lucas, J. & Grotheer, G., *Moore's Federal Practice* (2d ed. 1987) . . . . . . . . .   8

13A Wright & Miller, *Federal Practice and Procedure* (2d ed. 1984) . . . . . . . . . . . . . . . .   14

78 Fed. Reg. 66,643 (Nov. 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Miller & Starr, 1 Cal. Real Est. (3d ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9-10

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**INTRODUCTION**

In the Fall of 2012, Plaintiff Duarte Nursery, Inc. (Duarte Nursery), planted a winter wheat crop on a parcel of real property it owns in rural Tehama County, California (Property).  Duarte Nursery's farming of the Property is indistinguishable from that of hundreds if not thousands of other farmers in California and across the United States.  In doing so, Duarte Nursery engaged in normal farming practices that Congress has expressly exempted from the ambit of the federal Clean Water Act's prohibition on discharge of dredged or fill material in navigable waters.

Despite this express statutory exemption, and without a hearing, defendant United States Army Corps of Engineers (Corps) issued a Cease and Desist Order to Duarte Nursery and its president, John Duarte (collectively Duarte), finding them both in violation of the Clean Water Act for planting wheat on the Property, and ordering them to halt further farming.  Two months later, again without a hearing, the board members and executive officer of the Central Valley Regional Water Quality Control Board (Water Board) issued a Notice of Violation to Duarte, for what appears to be the same supposed violation of the Clean Water Act, directing them to restore the Property.

The Cease and Desist Order is based on the false assertion by the Corps that Duarte deep-ripped the property, which is the only specific factual basis on which either enforcement action is based.  The Property has not been deep-ripped, and if the Corps and Water Board had held constitutionally adequate hearings before issuing the Cease and Desist Order and Notice of Violation, they would have learned their error, and likely neither action would have been taken.

The Cease and Desist order and Notice of Violation each prevent Duarte from exercising the vested right to use the Property consistent with its current zoning, and impair the ability to alienate the Property.  The Corps and the Water Board each violated Duarte's procedural due process rights by issuing the Cease and Desist Order and Notice of Violation without affording Duarte a hearing.

Absent judicial review of these due process violations, Duarte can only regain these property interests by either applying for an expensive, time consuming, and onerous permit which they would then have to sue to establish they do not need, or wait in grim readiness for the

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111  FAX (916) 419-7747

1   Defendants to sue Duarte.  That is the choice that the Defendants seek to force on Duarte by

2   moving to dismiss this lawsuit.

3                              **STATEMENT OF THE CASE**

4        Plaintiffs Duarte Nursery, Inc., and John Duarte filed their Complaint against the Corps and

5   the Water Board Defendants on October 10, 2013.  The Complaint alleges in detail the events

6   leading up to and following the Corps' issuance of the Cease and Desist Order (Order) to Duarte

7   in February of 2013, requiring Duarte to discontinue farming the Property, on the purported basis

8   that said farming violates the Federal Clean Water Act.  Two months later, the Water Board issued

9   a Notice of Violation under California law to Duarte which appears to be based on the same

10  alleged violation of the Clean Water Act.  Both of these actions deprive Duarte of interests in the

11  Property and were taken without affording Duarte a hearing.  The Complaint states claims against

12  the Corps (Claims 1 and 2) and the Water Board (Claims 3 and 4) for violation of Plaintiffs'

13  procedural due process rights under the Fifth and Fourteenth Amendments to the United States

14  Constitution, and an additional claim (Claim 5) for the as-applied unconstitutionality of the Corps'

15  regulations regarding cease and desist orders.

16       The Corps and Water Board have moved separately to dismiss the Complaint under Federal

17  Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Both motions argue that Duarte's case is not ripe.

18  The Corps also argues that Duarte has not been deprived of a property or liberty interest, and

19  therefore cannot state a due process claim.  The Water Board also moves to dismiss under the

20  Eleventh Amendment.

21       Plaintiffs file this combined opposition to both motions in the hope that this format will be

22  most convenient for the Court and the defendants.  The legal principles under which both motions

23  are to be decided are similar, as are the facts as they pertain to Duarte.  The Order and Notice of

24  Violation also have important similarities.

25       Both motions to dismiss incorrectly treat the Complaint as seeking review of the

26  substantive contents of the Order and Notice of Violation in this Court.  It does not.  Rather,

27  Plaintiffs seek a declaratory judgment (and related injunctive relief) that the issuance of the Order

28  and Notice of Violation, along with their underlying determinations, violate their Fifth and

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Fourteenth Amendment rights to procedural due process by depriving them of property without a hearing. The Order and Notice of Violation deprive Plaintiffs of interests in the Property, including but not limited to the use of the Property for the purpose for which it is zoned (*i.e.*, farming), and the ability to alienate the title or use of the property. The Corps and Water Board accept as true for purposes of these motions that they issued the Order and Notice of Violation, respectively, without any hearing. That constitutional violation is plead more than adequately in the Complaint. It is neither speculative nor contingent on future events, but has occurred, and is ongoing.

Each of Duarte's claims is fit for judicial review, and Duarte's due process challenge to the Order and Notice of Violation are therefore ripe. If denied judicial review, the Plaintiffs will immediately face the dilemma of disregarding the Order and Notice of Violation (at the risk of crippling fines and, as to Plaintiff John Duarte, imprisonment), or subject themselves to lengthy, expensive, and onerous permitting processes, only at the end of which may they challenge their obligation to seek such a permit in the first place.

The Water Board Defendants are not immune from suit under the Eleventh Amendment, because the Complaint alleges an ongoing constitutional violation by those Defendants, for which the Complaint seeks prospective relief.

Duarte states a cognizable claim for violation of procedural due process rights against all Defendants, the case is ripe, the Water Board Defendants are not immune from suit, and both of the motions should be denied.

## LEGAL BACKGROUND

### Clean Water Act Permitting Provisions

The Clean Water Act authorizes the Corps of Engineers to regulate certain discharges to "navigable waters" or "waters of the United States." 33 U.S.C. §§ 1311(a) & 1362(7). Whether jurisdictional wetlands exist on any given parcel of property is not necessarily evident from the face of the Clean Water Act or its implementing regulations. Rather, in many cases, interested parties are left "to feel their way on a case-by-case basis." *Rapanos v. United States*, 547 U.S. 715, 758 (2006) (Roberts, C.J., concurring); *see also Sackett v. EPA*, 132 S. Ct. 1367, 1375-76 (2012)

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1    (Alito, J., concurring) ("[M]any jurisdictional determinations concerning wetlands can only be

2    made on a case-by-case basis by EPA field staff.").

3         Unless exempt, a discharge of a pollutant into jurisdictional waters is prohibited without

4    a federal permit.  *See* 33 U.S.C. §§ 1251(a), 1311(a), 1362(6).  The Clean Water Act expressly

5    exempts several activities from the ban on discharging dredged and fill material and the

6    requirement to obtain permits, including "normal farming activities." 33 U.S.C. § 1344(f)(1)(A).[1]

7                                   **Clean Water Act Enforcement Provisions**

8         Absent such an exemption, failure to obtain a permit for such a discharge exposes the actor

9    to severe liability.  A party who discharges dredged or fill material into "navigable waters" without

10   first obtaining a permit is subject to civil and/or criminal penalties of up to $37,500 per day for

11   negligent violations and up to $50,000 per day for knowing violations, and imprisonment for up

12   to three years.  *See* 33 U.S.C. § 1319(b) - (g), *modified by* 40 C.F.R. § 19.4, 78 Fed. Reg. 66,643,

13   66,647 (Nov. 6, 2013).  Criminal liability for violation by a corporate entity extends to responsible

14   corporate officers.  *See* 33 U.S.C. § 1319(c)(6).

15        The Corps, through its district engineers, is authorized by regulation to investigate

16   unauthorized activities that require permits, to confirm whether such actions have occurred in

17   violation of Section 404, to notify responsible parties of violations, and to determine a course of

18   action in resolving the violation. 33 C.F.R. § 326.3.  The Corps' regulations direct that once the

19   district engineer has determined that a violation has occurred, the district engineer should notify

20   the responsible parties. 33 C.F.R. § 326.3(b).  In the case of a violation involving a project that

21   is not complete, the regulations direct the district engineer to issue a cease and desist order.  33

22   C.F.R. § 326.3(c)(1).

23        "The reach of the Clean Water Act is notoriously unclear."  *Sackett v. EPA*, 132 S. Ct. at

24   1375 (Alito, J., concurring).  The district engineer's determination that a violation has occurred,

25   under 33 C.F.R. § 326.3(b), is an adjudicatory action to which due process protections apply.  In

26   this case it involves the application of general principles of law to a single parcel of property, and

27

28   [1] The Corps is oddly silent on this aspect of the law.  *See* Corps' Points and Authorities at 2-5 (describing dredge and fill permitting regime without reference to exempt activities).

to specific acts that the Corps purportedly determined that Duarte committed. *See, e.g., Londoner v. City & County of Denver*, 210 U.S. 373, 385 (1908) (property owner entitled to hearing on tax apportionment where statute delegated power to agency of "determining whether, in what amount, and upon whom [tax] shall be levied"); *accord Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445-46 (1915) (due process applies to decisions concerning "relatively small number of persons . . ., who were exceptionally affected, in each case upon individual grounds").

Cease and desist orders as such are enforceable through legal action initiated by the Corps, regardless of whether such legal action seeks penalties in addition. 33 C.F.R. § 326.5(a) (legal action to obtain compliance with cease and desist and other orders issued under § 326.3). The Corps may seek civil and criminal penalties for violations of the Clean Water Act. 33 U.S.C. § 1319(c), (d). The Corps' regulations state that willful and/or repeated violations are appropriate for civil or criminal action. 33 C.F.R. § 326.5(a).

### State Certification Requirements and Enforcement

Section 401 of the Clean Water Act, 33 U.S.C. § 1341, requires applicants for a dredge and fill permit under Section 404 to also obtain a state water quality certification from the applicable state agency. The State Water Resources Control Board is authorized to issue state water quality certifications in connection with Corps Section 404 permits under California Water Code sections 13160, 13376, and 13377. The Water Board has the responsibility for overseeing and implementing the enforcement program of the Central Valley Regional Water Quality Control Board, and issues notices of violation under the State Water Board's Enforcement Policy. The Enforcement Policy directs the Water Board to bring "actual, threatened, or potential" violations to a discharger's attention, in order "to give the discharger an opportunity to return to compliance as soon as possible." Exhibit A to Water Board's Request for Judicial Notice at 32.

The Water Board may impose administrative civil liability for violations of the above-cited California Water Code sections, under California Water Code section 13320. Among the factors in determining the amount of such liability are "voluntary cleanup efforts undertaken" and "prior history of violations." Cal. Water Code § 13327.

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

## FACTS ALLEGED IN THE COMPLAINT

Both motions to dismiss are facial attacks on the Complaint.  The Corps takes the factual allegations of the Complaint as true for purposes of the motion.  Corps' Points and Authorities at 5:22.  Likewise, the Water Board only cites to the Complaint (including Exhibit B thereto) for the recitation of facts in its motion.  Water Board Points and Authorities at 5.  The Complaint alleges the following facts, which establish federal court jurisdiction in this case:

### Duarte and the Property

Duarte Nursery, of which John Duarte is the President, owns real property in Tehama County, California (Property), which it acquired in 2012 in order to farm.  The Property is zoned for agricultural use by Tehama County, and has historically been used for wheat farming.  Complaint ¶¶ 44-45.  In late 2012, Duarte Nursery planted a winter wheat crop on the Property, at a minimum cost of $50,000.  No deep-ripping has taken place on the Property while it has been owned by Duarte Nursery or under the control of John Duarte.  Complaint ¶ 47.

### The Corps Cease and Desist Order

On February 25, 2013, the Corps issued the Order to Duarte Nursery and John Duarte.  The Order "determine[s] that [Plaintiffs] have discharged dredged or fill material into . . . waters of the United States, without a . . . permit . . . in violation of the Clean Water Act."  The Order further states: "You are hereby directed to cease and desist all work in waters of the United States until this violation is resolved."  Complaint ¶ 50, Exhibit A.

Duarte responded by requesting that the Corps provide the factual basis for the Order and an explanation of available administrative remedies, and reserving all defenses.  Complaint ¶ 52.  On April 18, 2013, the Corps partially responded, alleging (incorrectly) that the Property had been deep-ripped while under John Duarte's control, and stating that any farming to have taken place on the Property was not eligible for the normal farming practices exemption from permitting.  Complaint ¶ 53.

///

///

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**The Water Board Notice of Violation**

Five days later, the Water Board issued the Notice of Violation to Duarte, stating Plaintiffs are in violation of the Clean Water Act for failing to obtain a permit from the Corps and a State Water Quality Certification under Sections 401 and 404 of the Act, and directing Plaintiffs to submit a plan for mitigating the impacts of unauthorized fill.  The Notice of Violation also threatens Plaintiffs with additional enforcement action, including daily fines of up to $10,000. Complaint ¶¶ 55-56, Exhibit B.

**Corps and Water Board Due Process
Violations and Consequences for Duarte**

Neither the Corps nor the Water Board provided Duarte any hearing prior to or since issuing the Order and Notice of Violation respectively.  Complaint ¶¶ 58, 81, 85.

If afforded a hearing prior or subsequent to the issuance of the Order and/or Notice of Violation, Duarte would have presented evidence that the Property has not been deep-ripped during Duarte Nursery's ownership of it, and that Duarte Nursery avoided any wetlands on the Property. Duarte would also have presented evidence and argument that all of their wheat farming constituted normal farming practices, and therefore was exempt from permitting requirements under Section 404(f)(1)(A) of the Clean Water Act.  Complaint ¶¶ 54, 59.

Given the nonspecific and therefore unlimited scope of the Order and Notice of Violation, Complaint ¶ 62, and of the potential legal implications of defying them, Duarte left the wheat crop untended, resulting in its total loss, at a cost to Duarte Nursery of at least $50,000 in planting costs. Duarte was also unable to make necessary preparations for farming the Property in the Fall of 2013, and hence lost another year's opportunity to grow and harvest a crop. Complaint ¶¶ 63-64.

///
///
///
///
///
///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**STANDARD OF REVIEW**

**FRCP 12(b)(1)**

A plaintiff who invokes the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. *Westlands Water Dist. Distribution Dist. v. Natural Res. Def. Council, Inc.*, 276 F. Supp. 2d 1046, 1049 (E.D. Cal. 2003) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936), and *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)).

If the defendant contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction, *i.e.*, a facial attack, then the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989) (citing 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice*, para. 12.07, at 12.46-47 (2d ed. 1987)), *reversed on other grounds*, *Cervantez v. Sullivan*, 963 F.2d 229 (9th Cir. 1992).

A complaint alleging federal question jurisdiction will only be dismissed for lack of subject matter jurisdiction in one of three cases:  (1) the cause does not "arise under" the United States Constitution or any federal statute or regulation, (2) there is no case or controversy as required by Article III of the U.S. Constitution, or (3) the cause is not described by any jurisdictional statute. *Sullivan By and Through Sullivan v. Vallejo City Unified School Dist.*, 731 F. Supp. 947, 949 (E.D. Cal. 1990) (citing *Baker v. Carr*, 369 U.S. 186, 198 (1962)).

**FRCP 12(b)(6)**

The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), has prescribed a two-step process for evaluating motions to dismiss under Rule 12(b)(6).  In the first step, the court identifies the nonconclusory allegations of fact in the complaint, and in the second step the court determines whether these allegations, which the court takes as true and construes in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873, 876 (E.D. Cal. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  "Plausibility" does not mean the likelihood that the plaintiff will prove the allegations, but

2  rather whether the nonconclusory allegations, taken as true, " 'allow [ ] the court to draw the

3  reasonable inference that the defendant is liable for the misconduct alleged.' " *Champlaie v. BAC*

4  *Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1037-38 (E.D. Cal. 2009) (quoting *Iqbal*, 556

5  U.S. at 678). Nonconclusory allegations need not be " 'detailed factual allegations' " but must be

6  more than mere unadorned accusation. *Champlaie*, 706 F. Supp. 2d at 1037-38 (citing *Iqbal*, 556

7  U.S. at 678).

8  **ARGUMENT**

9  **I**

10  **THE COMPLAINT STATES VALID CLAIMS
   AGAINST THE CORPS FOR VIOLATION OF**

11  **DUARTE'S PROCEDURAL DUE PROCESS RIGHTS**

12  "No person shall be . . . deprived of life, liberty, or property, without due process of law[.]"

13  U.S. Const. amend. V. "Procedural due process imposes constraints on governmental decisions

14  which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process

15  Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

16  "When protected interests are implicated, the right to some kind of prior hearing is paramount."

17  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 & n.7 (1972). "A protected

18  property interest is present where an individual has a reasonable expectation of entitlement

19  deriving from existing rules or understandings that stem from an independent source such as state

20  law." *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)

21  (internal quotations omitted) (quoting *Roth*, 408 U.S. at 577). A real property owner in California

22  has a vested right to continue uses of the property that conform to the zoning in place at the time

23  of acquisition. *HFH, Ltd. v. Superior Court*, 15 Cal. 3d 508, 516 (1975).

24  The existence of the Order and Notice of Violation are a material fact that affect the value

25  of the property that Duarte would be required to disclose to a perspective lessor or purchaser. "A

26  seller of real property . . . is under a legal duty to the buyer to disclose facts that materially affect

27  the value or desirability of the property that are known . . . to the seller . . . and cannot be

28  discovered by the diligent attention and observation of the buyer." Miller & Starr, 1 Cal. Real Est.

§ 1:140 (3d ed.) (citing cases; footnote omitted); *see, e.g., Dyke v. Zaiser*, 80 Cal. App. 2d 639, 642, 653-54 (1947) (lessor liable for fraud for failing to disclose to lessee that police would shut down business located on premises). "[E]ven the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection." *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991); *Tri-State Dev. v. Johnston*, 160 F.3d 528, 531 (9th Cir. 1998) (Washington attachment statute was subject to due process scrutiny because, inter alia, it "impairs the ability to sell or otherwise alienate the property.") (citing *Doehr*, 501 U.S. at 11).

**A.  Duarte States Valid Claims Against the Corps That the Order Deprives Duarte of Property Without a Hearing**

"To establish a procedural due process claim, Plaintiffs must first show the deprivation of a liberty or property interest protected by the Due Process Clause." *R.J. Reynolds Tobacco Co. v. Bonta*, 272 F. Supp. 2d 1085, 1111 (E.D. Cal. 2003) (citing *Roth*, 408 U.S. 564). Duarte Nursery owns the Property, which is zoned for agricultural use by Tehama County and which has historically been used for growing wheat. Complaint ¶¶ 44-45. Duarte Nursery has a vested right under California law to farm wheat on the Property, since that use is consistent with the current zoning. *HFH, Ltd. v. Superior Court*, 15 Cal. 3d at 516.

The Order, addressed to both Plaintiffs, states: "You are hereby directed to cease and desist all work within waters of the United States until this violation is resolved." Complaint, Exhibit A. The Order, with which Duarte has complied, Complaint ¶¶ 63-64, deprives Duarte Nursery of its vested right to use the Property consistent with its zoning. The Order, and the Corps' determination that growing wheat on the Property violates the Clean Water Act, are material facts that affect the value of the property, by preventing the Property's use for purposes for which it is zoned. Duarte would also be obligated to disclose the Order to any prospective purchaser, lessor, and perhaps even any contractor who would farm the property. *Dyke v. Zaiser*, 80 Cal. App. 2d at 653-54. As a result, the Order deprives Duarte of the ability to freely alienate the Property. *Doehr*, 501 U.S. at 11; *Tri-State Dev. v. Johnston*, 160 F.3d at 531.

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1   The Corps regulations provide no time limit within which the Corps is required to "resolve

2   the violation." 33 C.F.R. § 326.3. As a result, the deprivation will continue until such time as the

3   Corps decides to take further action, if it ever does.[2]

4        The Order was issued to Duarte without either a pre-deprivation or a post-deprivation

5   hearing. Complaint ¶¶ 61, 72, 81, 85. A hearing would have afforded Duarte an opportunity to

6   refute the factual and legal basis of the Order. In particular, Duarte would have been able to rebut

7   the assertion that the Property was deep-ripped, which was the only factual basis offered by the

8   Corps for issuing the Order.[3] Complaint ¶¶ 53-54. Such deprivation, without a hearing, violates

9   Duarte's rights to procedural due process. *Roth*, 408 U.S. at 569-70 & n.7.

10       Duarte states valid claims against the Corps for violation of procedural due process rights,

11  and the Corps' motion should be denied.

12  **B.  Duarte States Valid Claims Against the Water Board That the Notice
       of Violation Deprives Duarte of Property Without a Hearing**

13

14       Similarly, the Notice of Violation states the Water Board's completed determination that

15  plaintiffs "are in violation of [the] federal Clean Water Act (CWA) section 301 for discharging

16  dredged or fill materials without complying with CWA sections 404 and 401" and directs Duarte

17  to "submit to this office a plan for mitigating the impacts of your unauthorized fill, including

18  protecting remaining wetland areas on the property." The Notice of Violation requires that such

19  plan be prepared by an appropriate professional, and must have the concurrence of the California

20  Department of Fish and Wildlife. Complaint, Exhibit B.

21       The Notice of Violation clearly addresses what the Water Board considers to be an actual,

22  as opposed to threatened or potential, violation. Since the only use that Duarte has made of the

23

---

24  [2] The Corps' Points and Authorities at 13:1 ("assuming such a future enforcement act is brought
    against Plaintiffs"), holds out the possibility that the Corps may never act on the Order, leaving it

25  in place permanently.

26  [3] It is ironic that the Corps has invoked the pleading requirements necessary to state a claim in
    federal court. The Order itself discloses exactly no facts from which Duarte or any other

27  reasonable reader could discern what the Corps actually thinks was done to violate the Clean Water
    Act. Other than identifying the Property, the Order is a masterpiece of boilerplate conclusory

28  assertions and legal conclusions. Complaint, Exhibit A.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Property is farming wheat, the Notice of Violation clearly adjudicates Duarte's farming to be in violation of the Clean Water Act absent a Corps permit and state water quality certification, thus depriving Duarte of the vested right to use the Property in accordance with its zoning, in the same manner as the Order does as described above. To reinforce the logical result (*i.e.*, that Duarte cease farming the Property), the Notice of Violation threatens $10,000 per day fines for the purported violation.

The Notice of Violation also imposes the affirmative obligation to submit a plan for restoration of the Property, and to implement that plan upon the concurrence of the Department of Fish and Wildlife. Complaint, Exhibit B. Restoration of the Property to a nonfarmed condition would clearly preclude further farming of the Property, and hence deprives Duarte of the same property interests as described above with reference to the Order.

Similarly to the Order, the Water Board issued the Notice of Violation without a hearing, and if afforded a hearing Duarte would have been able to present evidence and argument that would have rebutted the factual and legal bases for the issuance of the Notice of Violation. Complaint ¶¶ 58-59.

Duarte states valid claims against the Water Board for violation of procedural due process rights, and the Water Board's motion should be denied.

**C.   Duarte Has Been Deprived of Property Interests**

The Corps argues that no deprivation has occurred because the Order is not the "legal" cause of Duarte's crop losses or a basis for restriction in use of the Property, merely because Duarte could ignore the Order and continue to farm the Property. Corps' Points and Authorities at 11-12.[4]

It strains credulity for the Corps to argue that an order on federal agency letterhead, sent by certified mail, stating: "You are hereby directed to cease and desist all work in waters of the

_____

[4] The Corps makes the odd statement that Plaintiffs are confused as to the scope of the Order because they failed to communicate with the Corps. As the Complaint clearly alleges, Duarte attempted to communicate with the Corps, seeking the basis on which the Order had been issued. The Corps' incomplete response made the factually incorrect assertion that Duarte had deep-ripped the Property, and provided a two decade old delineation purportedly showing wetlands throughout the Property. Complaint ¶¶ 52-53. This did nothing the clarify or narrow the scope of the Order.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  United States until this violation is resolved" and attaching excerpts of 33 U.S.C. § 1319(c)(2),

2  threatening $50,000 per day fines and imprisonment for knowing violations of the Clean Water

3  Act, is not the factual and legal reason that Duarte ceased farming the Property.  It is evident from

4  the allegations of the Complaint and the text of the Order that the receipt of this document caused

5  Duarte to abandon the wheat crop and their farming activities on the Property, depriving them of

6  their property interests as a result.

7       As set forth above, the Order can be enforced through a civil action in federal court to

8  compel compliance.  33 C.F.R. § 326.5(a).  Given that willful and/or repeated violations of the Act

9  are bases for seeking civil and criminal penalties as well, *id.*, Duarte may not "simply decline to

10  comply with the letter's direction and go forward with their farming activities" without taking the

11  significant risk that such action will lead the Corps to seek civil and criminal penalties for what

12  the Corps would consider willful and/or repeated violations.  Ignoring a cease and desist order

13  from the Corps can carry serious consequences.  *See generally United States v. Appel*, No. 98-

14  55727, 2000 WL 27878 (9th Cir. Jan. 11, 2000) (Pregerson, J., dissenting) (describing the sequence

15  of actions leading from defendant ignoring cease and desist order to criminal prosecution).[5]

16       In this context, it is a pointless tautology to describe Duarte as "choosing to abstain from

17  farming," not far removed from describing a prisoner as "choosing to be imprisoned" based on

18  reporting to prison rather than fleeing the jurisdiction.  Duarte has complied with the Order; the

19  Order deprives Duarte of the property interests described above.

20       Nor do the authorities that the Corps cites, at page 12, have any bearing on Duarte's due

21  process claims.  As set forth above, Duarte has a vested interest in use of the property consistent

22  with its existing zoning.  It is not seeking a use that is barred by the existing zoning, or would

23  require rezoning or even a conditional use permit.  Similarly, Duarte Nursery is the owner of the

24  Property, not a prospective purchaser who holds a contract rather than a property interest.  The

25

26  _____

27  [5] This case is unpublished.  It is cited in good faith for factual purposes under Circuit Rule 36-
3(c)(ii) to show that the Corps is aware that a private citizen ignores a cease and desist order at
great peril, and to show factually that it is reasonable for Duarte to treat the Order seriously, and

28  comply with it until administrative or judicial relief can be obtained.

1  Order does not prevent an expected future use of the Property; it stops an actual use to which

2  Duarte holds a vested right.

## II

### DUARTE'S DUE PROCESS CHALLENGES TO
### THE ORDER AND NOTICE OF VIOLATION ARE RIPE

6  The ripeness inquiry prevents the courts from entangling themselves in abstract

7  disagreements over administrative policies, by avoiding premature adjudication, as well as

8  "protect[ing] the agencies from judicial interference until an administrative decision has been

9  formalized and its effects felt in a concrete way by the challenging parties." *Abbot Labs. v.*

10  *Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430

11  U.S. 99 (1977).  "The 'central concern [of the ripeness inquiry] is whether the case involves

12  uncertain or contingent future events that may not occur as anticipated, or indeed may not occur

13  at all.'" *Richardson v. City & County of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) (quoting

14  13A Wright & Miller, *Federal Practice and Procedure* § 3532, at 112 (2d ed. 1984)).  Under

15  *Abbot Laboratories*, courts first evaluate the fitness of the issues for judicial decision, and then any

16  hardship to the parties of withholding court consideration.  387 U.S. at 149; *Oklevueha Native*

17  *American Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 837 (9th Cir. 2012).  Issues are fit for

18  judicial decision when the law has been applied to a particular set of facts.  *See id.* at 837-39

19  (challenge under Religious Freedom Restoration Act to seizure of marijuana held fit for judicial

20  decision).  Where the court finds that the issues are fit for judicial decision, the hardship to the

21  parties in delaying review is not relevant, since hardship is "a counterbalance to any interest the

22  judiciary has in delaying consideration of a case." *Id.* at 838-39 (citing *Colwell v. Dep't of Health*

23  *& Human Servs.*, 558 F.3d 1112, 1129 (9th Cir. 2009)).

24  **A.  Duarte's Due Process Claims Are Fit for Judicial Decision**

25  This is not a pre-enforcement challenge to a regulatory or permitting scheme.  In this case,

26  the Corps and the Water Board have both purportedly applied the Clean Water Act and its

27  regulations to a specific parcel of property and to Duarte's particular actions to adjudicate Duarte

28  to be in violation of the Clean Water Act, and issued the Order and Notice of Violation,

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

respectively, each of which deprives Duarte of interests in the Property, all as set forth above. This case does not involve "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all" and the issues are fit for judicial decision. *Richardson v. City & County of Honolulu*, 124 F.3d at 1160.

The Water Board argues that the issues are not fit for decision because further factual development is necessary to determine the Water Board's ultimate enforcement outcome. But that argument mischaracterizes Duarte's Complaint. As stated previously, the Complaint does not seek substantive review of the Notice of Violation by the court. It seeks judicial review of the Water Board's procedural due process violation in issuing the Notice of Violation. The facts relative to that claim do not require further development, because they have already occurred and their effects are ongoing. As set forth above, Duarte owns interests in the Property which warrant constitutional due process protections. The Notice of Violation deprives Duarte of these interests, namely, the ability to use the Property consistent with its zoning and to freely alienate it, and the Water Board did not and still has not afforded Duarte a hearing. There are no additional facts that need to occur for liability to attach to the Water Board, and no further factual development necessary for the court to consider the issues.

**B.   The Corps Fails To Provide Sound Authority To Support the Argument That Duarte's Due Process Claims Are Not Fit for Judicial Decision**

The Corps cites several inapplicable trial court decisions from other circuits to try to support its argument that Duarte's due process challenge to the Order is not ripe. For example, in *Route 26 Land Development Ass'n v. U.S. Government*, 753 F. Supp. 532 (D. Del. 1990), the plaintiff sought declaratory relief as to the Corps' jurisdiction, whether the Corps had abused its discretion, and whether the Corps had taken the property. *Id*. at 535. The plaintiff actually had a permit application pending before the Corps when the complaint was filed, *id*. at 534, and the Court considered the challenge to the Corps' jurisdiction odd, since the plaintiff had submitted to Corps' jurisdiction by applying for an after-the-fact permit. *Id*. at 535 n.7. The plaintiff in *Banks v. Page*, 768 F. Supp. 809, 811 (S.D. Fla. 1991), *vacated, appeal dismissed* 963 F.2d 385 (11th Cir.

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1992), sought substantive review of the Corps' jurisdiction and a declaratory judgment that a permit was not required.  And the plaintiff in *Howell v. U.S. Army Corps of Eng'rs*, 794 F. Supp. 1072, 1074 (D.N.M. 1992), sought a declaratory judgment that the property did not contain jurisdictional wetlands and reversal of the cease and desist order.

Each of these cases sought substantive review by the court of whether there were jurisdictional wetlands on the property, as well as substantive review of the cease and desist orders. These facts distinguish all three of these cases from Duarte's due process challenge.  Duarte does not seek this court's substantive review of the Order as such.  Rather, Duarte seeks judicial review of the Corps' due process violation in the course of issuing the Order.

Nor is *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586 (9th Cir. 2008), applicable to this case.  As with the three prior cases, *Fairbanks N. Star Borough* was a substantive challenge to a jurisdictional determination, which the Ninth Circuit found to be ineligible for judicial review.  *Id.* at 594.  The Order which Duarte is challenging involves far more than simply a jurisdictional determination.  It also adjudicates Duarte's actions to be violative of the Clean Water Act, and concludes that those actions are not exempt as normal farming practices. Neither of those determinations arises from the face of the Clean Water Act, and the rationale of *Fairbanks N. Star Borough* is inapposite.

The Corps also argues that the Order is "merely a mechanism to notify an alleged violator of the legal obligations imposed by the [Act]" and that because the Order purportedly imposes no legal obligations or liability on its own, Plaintiffs have not suffered any injury as a result of the Order.  Corps' Points and Authorities at 8:16-21.  However, the Order is enforceable through a civil action against Duarte, 33 C.F.R. § 326.5(a), and on its face directs Duarte to cease and desist farming the Property, Complaint, Exhibit A.  The Complaint spells out in detail the injuries

///

///

///

///

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  suffered by Duarte as a result of the Order, including deprivation of interests in property without

2  a hearing.[6]

3  **C.  Duarte Would Suffer Hardship from Delayed Judicial Consideration**

4          Because the issues are fit for judicial decision, Ninth Circuit authority holds that hardship

5  to the parties is not relevant, as hardship is a counterbalance in cases where the issues are not fit

6  for judicial decision.  *Oklevueha Native American Church of Hawaii*, 676 F.3d at 838-39.

7  Nevertheless, Duarte has demonstrated the hardship that would ensue if judicial consideration of

8  the Defendants' due process violations is delayed.  Hardship in the ripeness context means

9  "'hardship of a legal kind, or something that imposes a significant practical harm on the plaintiff.'"

10  *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d at 1128 (quoting *Natural Res. Def. Council*

11  *v. Abraham*, 388 F.3d 701, 706 (9th Cir. 2004)).  Delaying judicial review of the Corps and Water

12  Board due process violations against Duarte would leave Duarte with the significant practical harm

13  of being unable to use an existing property interest because the Order, and the Notice of Violation

14  with its restoration obligation, would remain in place.  In order to regain the use and free

15  alienability of the Property, Duarte would be forced to submit to a lengthy, expensive, and onerous

16  permitting process in order to have the subsequent opportunity to challenge whether such a permit

17  is even necessary in the first place.[7]  And if Duarte does not apply for a permit, then the Corps and

18  Water Board could simply take no action, effectively leaving the Order and Notice of Violation

19  in force permanently.  Accordingly, Duarte would suffer significant hardship from delayed judicial

20  consideration.

21  ///

22

23  [6] Both motions make passing reference to Plaintiffs' standing to bring the present action.  The
    above discussion of Duarte's due process claims clearly shows that the Complaint adequately
24  alleges that Duarte has suffered a concrete and particularized injury (inability to farm the
    Property), which is actual rather than hypothetical, for which the defendants are directly
25  responsible and which will likely be redressed by the sought-after relief (invalidation of the Order
    and Notice of Violation).  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

26
    [7] According to the Supreme Court, the "average applicant for an individual permit spends 788 days
27  and $271,596 in completing the process, and the average applicant for a nationwide [more general]
    permit spends 313 days and $28,915—not counting costs of mitigation or design changes."
28  *Rapanos*, 547 U.S. at 721.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

### III

### THE ELEVENTH AMENDMENT DOES NOT BAR DUARTE'S SUIT AGAINST THE WATER BOARD, BECAUSE THE COMPLAINT SEEKS PROSPECTIVE RELIEF FOR AN ONGOING CONSTITUTIONAL VIOLATION

The Water Board argues that the *Ex parte Young*, 209 U.S. 123 (1908), does not apply to this case, because the Water Board's alleged violation of Duarte's due process rights has occurred in the past, and therefore the Complaint does not seek prospective relief under *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997). However, the Water Board concedes that the Complaint seeks prospective relief in the form of a prohibitory injunction against enforcing the Notice of Violation, and a mandatory injunction requiring the Water Board to "recall" the Notice of Violation from other agencies to which it has been disseminated. Water Board Points and Authorities at 18:21-23. While the Water Board argues that these forms of relief will not have any legal effect, Duarte has demonstrated above that the Notice of Violation deprives Duarte of interests in property without a hearing, and the prospective relief sought would cure that deprivation by requiring the Water Board to afford Duarte a hearing on whether the Clean Water Act was violated before taking further action to enforce against any such violation.

Further, the Water Board does not address the fact that the Fourth Cause of Action of the Complaint states a claim against the Water Board for failure to provide a post-deprivation hearing. Complaint ¶¶ 91-94. As stated above, the Complaint clearly alleges that the Water Board has not afforded Duarte any hearing, and that this violation of the right to a post-deprivation hearing is ongoing, not retrospective. These claims are squarely within the *Ex parte Young* doctrine, and the Eleventh Amendment does not bar Duarte's claims against the Water Board.

### CONCLUSION

The Cease and Desist Order and Notice of Violation each deprive Plaintiffs of interests in the Property without a hearing. They do so on the factually false premise that Duarte deep-ripped the Property, which error a constitutionally adequate hearing would have disclosed. The position the Corps and the Water Board take now is worthy of Kafka: they argue, in moving to dismiss, that everyone is obliged to live with the error, and Duarte is obliged to go without its property

1    interests, unless and until Duarte applies for a permit which it does not need, or the Corps and the

2    Water Board take further enforcement action against Duarte for something that never happened.

3         The relief sought in this lawsuit would solve this problem.  It would require the Corps and

4    the Water Board to either withdraw the Cease and Desist Order and Notice of Violation, or hold

5    a hearing on Duarte's supposed violations of the Clean Water Act.  It is better for the agencies, for

6    the Court, and certainly for Duarte, for the agencies to hold such a hearing to correct their errors.

7    But this lawsuit is the only way that will happen.  The Court has jurisdiction over this case, the

8    case is ripe, Duarte states valid claims for deprivation of its due process rights, and the Water

9    Board Defendants are not immune from this suit.

10        Both motions to dismiss should be denied.

11        DATED:  January 27, 2014.

12                                                Respectfully submitted,

13                                                DAMIEN M. SCHIFF
                                                 ANTHONY L. FRANÇOIS
14

15                                                By ____/s/ Anthony L. François____
16                                                     ANTHONY L. FRANÇOIS

17                                                Attorneys for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747