JOHN C. CRUDEN
Assistant Attorney General
ANDREW J. DOYLE (FL Bar No. 84948)
JOHN THOMAS H. DO (CA Bar No. 285075)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC  20044 / (202) 514-4427 or 514-2593
*Attorneys for Defendant and Counterclaim-Plaintiff*

M. REED HOPPER (CA Bar No. 131291)
ANTHONY L. FRANÇOIS (CA Bar 184100)
Pacific Legal Foundation
930 G Street
Sacramento, CA  95814 / (916) 419-7111
*Attorneys for Plaintiffs and Counterclaim-Defendants*

(See *infra* for additional counsel of record.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE NURSERY, INC., a California Corporation;  and JOHN DUARTE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>Defendant.<br><hr>UNITED STATES OF AMERICA,<br><br>Counterclaim- Plaintiff,<br><br>v.<br><br>DUARTE NURSERY, INC., a California Corporation;  and JOHN DUARTE, an individual,<br><br>Counterclaim- Defendants. | No. 2:13−cv−02095−KJM−DAD<br><br><br><br><br><br><br><br>**STIPULATION AND ORDER REGARDING DISCOVERY PROCEDURE** |

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties enter into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

A. **Definitions**

1. "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show at least one facial change, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes.

2. "ESI" means electronically stored information.

3. "Parties" means the parties to this litigation, including their employees and agents.

B. **Electronically Stored Information.**

1. <u>Preservation Not Required for Electronically Stored Information That Is Not Reasonably Accessible</u>.

    a. Except as provided in subparagraph b below, the Parties need not preserve the following categories of electronically stored information for this litigation:

        i. Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

        ii. Voicemail messages;

        iii. Instant messages, such as messages sent on AOL Instant Messenger or Microsoft Communicator;

1           iv.      Text messages, such as cell phone to cell phone SMS messages;

2           v.      Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g. iPad) provided that a copy of such email is routinely saved elsewhere;

          vi.      Other electronic data stored on a PDA, smartphone, or tablet such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

          vii.      Logs of calls made from cellular phones;

          viii.      Deleted computer files, whether fragmented or whole;

          ix.      Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

          x.      Data stored on photocopiers, scanners, and fax machines;

          xi.      Server, system, or network logs;

          xii.      Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

          xiii.      Data stored on legacy systems that have been retired, so long as those retired legacy systems do not contain unique data, i.e., data that can only be found on those systems.

      b.      Notwithstanding subparagraph a. above, if on the date of this agreement either Party has a Policy that results in the routine preservation of any of the categories of information identified in subparagraph a, such Party shall continue to preserve such information in accordance with its Policy.

      c.      Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible within the meaning of Rule 26(b)(2)(B).

2. <u>Preservation Required for Certain Subject Matters</u>. The Parties agree to preserve, for the purpose of this litigation, documents and ESI that are: (a) related to the subjects set forth in paragraph F.2.a. & b. of the Joint Status Report and Discovery Plan (ECF No. 56); and (b) not exempted from preservation requirements pursuant to the preceding paragraphs of this Part B.

3. <u>Procedures for Production</u>: The following procedures apply to producing documents or ESI. Compliance with these procedures shall constitute compliance with Federal Rule of Civil Procedure 34(b)(2)(E).

    a. Paper documents: Documents printed on paper that is 11 x 17 inches or smaller shall be scanned and produced on CD-ROM, DVD-ROM, or external hard drive. Documents printed on larger paper may, at the Producing Party's discretion, be produced on paper. Documents produced on paper must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request; alternatively, Documents produced on paper may be organized by custodian and maintained in the order in which they appear in the files of the custodian.

    b. Paper documents that are produced on disc shall be scanned as 300 dpi PDF files, in color unless the original is solely black and white.

    c. Word, WordPerfect, and other word processing files will be converted to searchable PDF files. If the document contains comments or tracked changes that are not part of the ordinary text, the PDF shall be generated based on how the document appears when first opened using view settings contained in the file, and the receiving Party shall have the option, after reviewing the produced PDF, to request the native file;

    d. Microsoft PowerPoint files will be produced in searchable PDFs. The receiving Party may, after reviewing the produced PDFs, request the native files;

    e. E-mail and attachments should be converted to searchable PDFs. E-mail attachments shall be processed as though they were separate documents, and a cross reference file shall include a field in which the producing Party shall identify, for each e-mail, the Bates range of any attachment;

    f. Microsoft Excel files and other spreadsheets will be converted to searchable PDFs.  The receiving Party may, after reviewing the spreadsheets, request the native files;

    g. Digital photographs will be produced as full color image files at their original resolution with Bates numbers branded onto them;

    h. Before any Party produces any other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., the Parties will meet and confer to determine a reasonably useable form for the production.

    i. Except as stated above, a Party need not produce the same ESI in more than one form.

  4. <u>Duplicates</u>.

    a. <u>Deduplication of e-mail</u>. The Parties may use a widely accepted method of deduplication, including comparing the to, from, date, and time fields of e-mails and may only produce one copy from each set of duplicates.

    b. <u>Deduplication of ESI other than e-mail</u>. With respect to ESI other than e-mail, the Parties may use a widely accepted method of deduplication, such as using MD5 or SHA-1 hash values calculated before the files are collected for discovery and may produce only one copy for each custodian that has possession or custody of the file.

C. **Limitations on Discovery and Evidence.**

  1. <u>No Discovery</u>.  Except as provided below in paragraph C.2, the Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs B.1-2 above or meta-data.

  2. <u>No Offering in Evidence without Disclosure</u>.  The Parties shall not offer into evidence for any purpose in this litigation any item that need not be preserved pursuant to paragraphs B.1-2 above or meta-data, unless the Party has disclosed the item pursuant to Rule 26 with adequate time to allow other Parties to conduct discovery on the item.

4

D.     **Preparation of Privilege Log.**

    1.     <u>Embedded e-mails</u>. An e-mail may be treated as a single document regardless of the number of embedded emails contained within the message body. The privilege log for an e-mail withheld under a claim of privilege, to the extent any is required, shall identify the author, recipient(s), subject, dates and times based on the top-level message, and shall not include data from any e-mail embedded in the message body. However, if an e-mail contains both privileged and non-privileged communications, the non-privileged communications must be produced. This requirement should be satisfied by producing the original of the embedded, non-privileged e-mail or it may be satisfied by producing a redacted version of the privileged e-mail.

E.     **Protection of Privileges.**

    Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and pursuant to Rule 502 of the Federal Rules of Evidence, it is hereby ORDERED:

    1.     This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.  Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of communications or information in discovery in this matter.

    2.     The various claims and defenses in this action may require each Party to review and to disclose potentially voluminous information and documents, including ESI, through the discovery process.  Page-by-page preproduction privilege review may impose an undue burden on the Parties' resources.

    3.     Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the Party can make available.  Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing Party would

5

1 otherwise be entitled to assert with respect to the information or documents and their subject
2 matter.

3     4. The Court further orders that because expedited or truncated privilege review
4 may be necessary for the just, speedy, and inexpensive resolution of this matter, and because
5 Rule 502(d) does not preserve privileges other than the attorney-client privilege and work-
6 product protection, the Parties need not review each and every page of the materials produced in
7 discovery for all applicable privileges, except where the circumstances make such review
8 reasonable. Accordingly, the disclosure of privileged or protected information or documents in
9 discovery conducted in this litigation will be deemed unintentional, inadvertent, and, where page
10 by page review of produced materials would not be reasonable, compelled by order of this Court.
11 Such disclosure will not constitute a waiver of the disclosing Party's right to claim any privilege
12 or protection that would have applied to the information or documents or their subject matter but
13 for the disclosure, provided only that the Party disclaiming waiver employed procedures
14 reasonably designed to screen out privileged materials. However, the Parties shall not argue, in
15 this forum or any other, that any privileges were waived as a result of disclosures in this
16 litigation irrespective of the procedures used screen out privileged materials.

17     5. If a Party determines that it has produced a document upon which it wishes to
18 make a claim of privilege, the producing Party shall, within 14 days of making such
19 determination and no later than 14 days before the close of discovery, give all counsel of record
20 notice of the claim of privilege. The notice shall identify each such document and the date it was
21 produced. If the producing Party claims that only a portion of a document is privileged, the
22 producing Party shall provide, along with the notice of the claim of privilege, a new copy of the
23 document with the allegedly privileged portions redacted. Any Party that complies with this
24 paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or
25 protected information or materials.

26     6. If a Party identifies a document produced by another party in discovery that
27 appears on its face to be subject to the producing Party's claim of privilege, the Party identifying
28 the potential claim of privilege shall make reasonable efforts to notify the Party holding the

potential claim of privilege. Such notification shall not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with paragraph 5 above within five business days of receiving notice from the identifying Party. This paragraph does not impose on any Party or their counsel any obligation to review or assess any other Party's potential claims of privilege as to any document produced in discovery.

7. Upon receiving notice of a claim of privilege on a produced document, the receiving Party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party must take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved.

8. If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, within 14 days, move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B). Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

9. The Parties may stipulate to extend the time periods specified in paragraphs 5, 6, and 8 above.

10. Nothing in this order overrides, increases, or modifies any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing Party that such materials have been produced.

11. The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to paragraph 8, of establishing the applicability of the claimed privilege. This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

F. **Costs of Document Production.** Unless this Court orders otherwise for good cause shown, each Party shall bear the costs of producing its own documents.

STIPULATED AND AGREED BY:

Dated: January 28, 2015

JOHN C. CRUDEN
Assistant Attorney General
/s John Thomas H. Do
ANDREW J. DOYLE (FL Bar No.84948)
JOHN THOMAS H. DO (CA Bar No. 285075)
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 514-4427 (p) (Doyle)
(202) 514-2593 (p) (Do)
(202) 514-8865 (f)
andrew.doyle@usdoj.gov
john.do@usdoj.gov

*Attorneys for Defendant and Counterclaim-Plaintiff*

Dated: January 28, 2015

/s Anthony L. François
M. REED HOPPER (CA Bar No. 131291)
ANTHONY L. FRANÇOIS (CA Bar 184100)
Pacific Legal Foundation
930 G Street
Sacramento, CA  95814
(916) 419-7111 (p)
(916) 419-7747 (f)
mrh@pacificlegal.org
alf@pacificlegal.org

DAVID M. IVESTER (CA Bar No. 76863)
Briscoe Ivester & Bazel LLP
155 Sansome Street, Seventh Floor
San Francisco, CA  94104
(415) 402-2700 (p)
(415) 398-5630 (f)
divester@briscoelaw.net

GERALD E. BRUNN (CA Bar No. 107004)
Law Offices of Brunn & Flynn
928 12th Street, Suite 200
Modesto, CA  95354
(209) 521-2133 (p)
(209) 521-7584 (f)
gbrunn@brunn-flynn.com

*Attorneys for Plaintiffs and Counterclaim-Defendants*

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  January 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
duarte2095.stip.prot.ord.DOC