UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE NURSERY, INC., a California Corporation; and JOHN DUARTE, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>        Defendants.<br>_____<br>UNITED STATES OF AMERICA,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>DUARTE NURSERY, INC., a California Corporation; and JOHN DUARTE, an individual,<br><br>        Counterclaim-Defendants. | No. 2:13-cv-02095-KJM-DAD<br><br><br>ORDER |

/////

/////

/////

1

The United States moves to dismiss plaintiffs' First Supplemental[1] Complaint, ECF No. 41 ("FSC"), filed August 20, 2014.  Mot., ECF 46; *see* Fed. R. Civ. P. 12(b).  Plaintiffs oppose the motion (Opp'n, ECF No. 51) and the government has replied (ECF No. 52).  This matter is decided without a hearing.  As explained below, the court GRANTS the motion in part and DENIES it in part.

I.     ALLEGED FACTS AND PROCEDURAL BACKGROUND

The court previously has reviewed the facts of this case in detail, in its order addressing the government's motion to dismiss the original complaint.  ECF No. 27.  The court briefly revisits the relevant facts in light of the operative complaint, and the procedural history below.

   A.     Operative Complaint

Plaintiffs Duarte Nursery, Inc. and John Duarte own the property that is the subject of this action.  FSC ¶ 44.  Duarte Nursery is a California corporation headquartered in Modesto, California, that owns approximately 445 acres of property ("Property") located on Paskenta Road in rural Tehama County, roughly 8 miles south of the City of Red Bluff and 3 miles west of Interstate 5.  *Id*.  The Property is zoned A2, for agricultural use, by the County.  *Id*.

Defendant U.S. Army Corps of Engineers ("Corps") is a branch of the United States Army and an agency of the United States.  The Corps is authorized under Section 404 of the Clean Water Act to issue permits for the discharge of dredged and fill material into "navigable waters."  33 U.S.C. § 1344(a).  In exercising this authority, the Corps is able to investigate unauthorized activities that require permits, to confirm whether such actions have occurred in violation of Section 404, to notify responsible parties of violations, and to determine a course of action in resolving the violation.  33 C.F.R. § 326.3.

Defendants Karl E. Longley, Jennifer Lester Moffitt, Jon Costantino, Sandra O. Meraz, Carmen Ramirez, Robert Schneider, and Pamela C. Creedon are individuals sued in their official capacities as board members of the Central Valley Regional Water Quality Control Board

---

[1] The judge previously assigned to this case directed the filing of a "First Supplemental Complaint."  *See* ECF No. 38.

(RWQCB), an agency of the State of California authorized to issue (1) State Water Quality Certifications in connection with dredged and fill permits issued by the Corps, under the Porter-Cologne Act, California Water Code sections 13160, 13376 and 13377, and (2) cease and desist orders under California Water Code section 13301.  FSC at 3 & ¶¶ 14-18.

On February 25, 2013, defendant issued a Cease and Desist Order ("CDO") to plaintiffs. *Id*. ¶ 50.  The CDO "determines that [plaintiffs] have discharged dredged or fill material into seasonal wetlands, vernal pools, vernal swales, and intermittent and ephemeral drainages, which are waters of the United States, without a . . . permit. . . . Since a DA [Department of Army] permit has not been issued authorizing this discharge, the work is in violation of the Clean Water Act." *Id*.  The CDO directs plaintiffs "to cease and desist all work in waters of the United States." *Id*.  The CDO does not identify the Property by legal description, street address, or assessor's parcel number, identifying the location only by latitude and longitude. *Id*. ¶ 51.

On April 23, 2013, the RWQCB issued a Notice of Violation ("NoV") to plaintiffs. *Id*. ¶ 56.  The NoV states RWQCB staff inspected the Property on December 6, 2012, and determined "you have discharged dredged or fill material into wetlands and other waters associated with Coyote Creek, a water of the U.S., without a permit." *Id*.  The NoV states plaintiffs are in violation of the Clean Water Act for failing to obtain a permit from the Corps and a State Water Quality Certification under Section 401 of the Act, and directs plaintiffs to submit a plan for mitigating the impacts of the unauthorized fill.  The NoV also threatens plaintiffs with additional enforcement action, including daily fines of up to $10,000.00. *Id*. ¶¶ 55-56.

Plaintiffs claim the government and individual defendants deprived them of property or property rights protected by the Due Process Clauses of the Fifth and Fourteenth Amendments. *Id*. ¶ 61.  First, faced with the CDO and NoV, plaintiffs left their wheat crop unattended, losing $50,000 in planting costs. *Id*. ¶ 62.  Second, with the CDO and NoV still in effect, plaintiffs have to disclose them to potential buyers, and thus defendants have effectively placed a lien on plaintiffs' property. *Id*.  Plaintiffs claim specifically that defendants acted in

contravention of plaintiffs' due process rights by issuing the CDO and the NoV without affording plaintiffs a hearing before or after issuance. *Id*. ¶ 61.

Plaintiffs also claim a violation of their First Amendment rights, alleging their protected actions of filing their original complaint in October 2013 (ECF No. 1) and making public statements in the news media, on the internet, and in radio/television, were substantial or motivating factors in the United States' decision to file its counterclaim. *Id.* ¶¶ 116-117. Plaintiffs seek (1) declaratory judgment that the failure to provide hearings is unconstitutional, (2) an injunction against further enforcement proceedings based upon the CDO and NoV, (3) an injunction requiring defendants to notify those to whom the CDO and NoV were sent that they are invalid, (4) a declaratory judgment that the regulations at 33 C.F.R. Part 326 are unconstitutional, (5) a declaration the Corps violated plaintiffs' First Amendment rights by engaging in retaliatory prosecution against them, and (6) an injunction enjoining the Corps from prosecuting the counterclaim, and from engaging in further enforcement actions against plaintiffs in violation of plaintiffs' First Amendment rights. *Id*. at 4:3-16 & ¶ 85.

B.   Counterclaim

The United States' counterclaim alleges plaintiffs violated the Clean Water Act by farming the Property and seeks civil penalties. ECF No. 28. In their June 2014 answer to the government's counterclaim, plaintiffs asserted the following defenses: collateral estoppel, res judicata, lack of ripeness, statute of limitations, equitable preclusion including by way of unclean hands, estoppel, waiver, release, or laches, and exemption from regulation under section 404(f) of the Clean Water Act (33 U.S.C. § 1344(f)). ECF No. 33 at 5.

C.   Motion

In the instant motion, the government seeks dismissal of plaintiffs' due process claims, claims one, two and five, on mootness grounds based on Rule 12(b)(1). The government argues the claims are mooted by its counterclaim for enforcement of the CWA. ECF No. 28. The government argues the sixth claim, retaliatory prosecution in violation of the First Amendment, is barred by sovereign immunity and so also should be dismissed under Rule 12(b)(1). Alternately, the government argues the retaliatory prosecution allegations do not state a claim, and so the sixth

claim should be dismissed under Rule 12(b)(6).  Mot. at 10-15.  Because the court resolves the motion as to the sixth claim through application of Rule 12(b)(6), it does not reach the Rule 12(b)(1) argument as to that claim at this time.

II.     LEGAL STANDARD

    A.     12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court.  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039– 40 (9th Cir. 2003).  Mootness pertains to a federal court's subject matter jurisdiction under Article III and is properly raised as here in a motion to dismiss under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir. 1996).  In the context of an action for declaratory judgment, the "test for mootness . . . is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (citation, quotations omitted).  "The party asserting mootness bears a 'heavy burden' in meeting this standard."  *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citations omitted).

    B.     12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a

5

formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III.   ANALYSIS

   A.   First, Second, and Fifth Claims: Violation of Due Process

The government contends its counterclaim for enforcement of the Clean Water Act, filed in May 2014, is an intervening event that renders plaintiffs' due process claims moot. Mot. at 8. It says the counterclaim arises from the same alleged violation underlying plaintiffs' claims, and the court will adjudicate the same issues of due process in considering the counterclaim. The government argues the counterclaim proceedings will give plaintiffs a full opportunity to be heard on their due process claims. *Id.*

Plaintiffs argue the government has not met its burden of demonstrating mootness. Opp'n at 13. Plaintiffs say no facts or circumstances have changed that prevent the court's granting relief in the form of a declaratory judgment. *Id.* Further, plaintiffs disagree the counterclaim gives them a full opportunity to be heard on their due process claims. While the counterclaim seeks enforcement of the Clean Water Act, plaintiffs say it will not allow the court to address whether plaintiffs were deprived of the Property or were given an adequate hearing on the issue as required by the Due Process Clause. *Id.* at 14. Resolution of the counterclaim would

not allow for the possibility of withdrawal of the CDO, which remains in place and continues to cause plaintiffs' alleged harms. *Id*.

The government has not met its burden of demonstrating the filing of its counterclaim has mooted plaintiffs' due process claims. *Rosebrock,* 745 F.3d at 971. In *Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist*., 893 F.2d 1012, 1015 (9th Cir. 1989), the court noted that a case or controversy exists justifying declaratory relief only when "the challenged government activity . . . is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." (internal citations omitted)  Here, the challenged government actions, the CDO and NoV have not "evaporated or disappeared"; the Property remains intact and subject to both.  Plaintiffs as owners of the Property still have a legally cognizable interest in the outcome of their claims.  Declaratory relief based on plaintiff's due process claims would be available regardless of the outcome of the counterclaim.  Adjudication of the counterclaim and plaintiffs' defenses thereto will not offer plaintiffs a meaningful opportunity to be heard on their assertion that the CDO was issued in violation of their due process right to certain procedures, including a prompt hearing.

The court denies the motion to dismiss the first, second, and fifth claims for mootness.

B.    Sixth Claim: Violation of the First Amendment (Retaliatory Prosecution)

Plaintiffs bring their First Amendment claim as a challenge to the government's alleged retaliatory decision to file a counterclaim. FSC at 14-15; Opp'n at 12 n.3.  They seek an injunction preventing litigation of the counterclaim or any other enforcement action. FSC at 20. Defendants move to dismiss arguing in part that plaintiffs fail to state a claim, "retaliatory prosecution" is not a claim at all.  Mot. at 13-14.  Plaintiffs argue their right to bring such a claim is well-supported by case law.  Opp'n at 17-19.

A First Amendment retaliation claim requires that plaintiff ultimately show "three elements: '(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary

7

1  firmness from continuing to engage in that activity; and (3) that the defendant's adverse action
2  was substantially motivated as a response to the plaintiff's exercise of constitutionally protected
3  conduct." *Schneider v. Cnty. of Sacramento*, 2014 WL 4187364, at *8 (E.D. Cal. Aug. 21, 2014)
4  (internal citations omitted).  Plaintiffs argue the court may infer a retaliatory motive because the
5  government took no further enforcement action after issuing the CDO until after plaintiffs filed
6  the original complaint, spoke publicly about the case, and the court heard oral argument on the
7  government's motion to dismiss.  Those facts are confirmed by the court's review of the docket.
8  However, the court cannot infer any retaliatory motive when the CDO and NoV were issued
9  before plaintiffs ever spoke on the issue or filed their original complaint.

10  A plaintiff claiming retaliation must show the government acted with retaliatory
11  intent "with the purpose of deterring the exercise of First Amendment freedoms" and not "as a
12  legitimate response to litigation."  *Greenwich Citizens Comm., Inc. v. Counties of Warren &*
13  *Washington Indus. Dev. Agency*, 77 F.3d 26, 30 (2d Cir. 1996).  Here, the NoV warned of future
14  enforcement action.  Ex. B, ECF No. 1-2.  The counterclaim for enforcement of the previously
15  issued CDO and NoV is a mere extension of actions the government took well before the activity
16  plaintiffs allege was a substantial factor motivating the filing of the counterclaim.  "A plaintiff
17  must show not only that the defendant official harbored retaliatory animus and thus sought to
18  induce prosecution, but also that the official succeeded—that is, that the 'prosecutor [ ] would not
19  have pressed charges otherwise.'"  *Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1234 (9th Cir.
20  2006) (internal citations omitted).  Plaintiff's complaint includes no facts supporting an inference
21  the government's counterclaim was motivated by plaintiffs' speech.  Plaintiffs have not satisfied
22  their duty of pleading a link between their speech and the government's counterclaim, which
23  seeks enforcement against the same activity alleged in the previously issued CDO and NoV.
24  Even if they did plead such a link, plaintiffs have not pleaded any injury caused by the alleged
25  retaliatory conduct.

26  Because plaintiffs represent they are "prepared to amend the [FSC] in the event the
27  [c]ourt concludes that the [retaliation claim] is not adequately plead," Opp'n at 19 n.6, the court
28  dismisses this claim with leave to amend one more time.

IV.     CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The United States' motion to dismiss the first, second, and fifth claims as moot is denied.
2. The United States' motion to dismiss the sixth claim for failure to state a claim is granted with leave to amend.
3. Plaintiffs are directed to file any second amended complaint consistent with this order within 21 days of the filed date of this order.

IT IS SO ORDERED.

DATED: March 23, 2015.

_____
UNITED STATES DISTRICT JUDGE