| | |
|---|---|
| 1 | JOHN C. CRUDEN |
| 2 | Assistant Attorney General |
|   | ANDREW J. DOYLE (FL Bar No. 84948) |
| 3 | JOHN THOMAS H. DO (CA Bar No. 285075) |
|   | United States Department of Justice |
| 4 | Environment and Natural Resources Division |
| 5 | P.O. Box 7611 |
|   | Washington, DC  20044 / (202) 514-4427 or 514-2593 |
| 6 | *Attorneys for Defendant and Counterclaim-Plaintiff* |
| 7 | M. REED HOPPER (CA Bar No. 131291) |
| 8 | ANTHONY L. FRANÇOIS (CA Bar No. 184100) |
|   | Pacific Legal Foundation |
| 9 | 930 G Street |
|   | Sacramento, CA  95814 / (916) 419-7111 |
| 10 | *Attorneys for Plaintiffs and Counterclaim-Defendants* |
| 11 | (See *infra* for additional counsel of record.) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE NURSERY, INC., a California Corporation;  and JOHN DUARTE, an individual, | No. 2:13-cv-02095 KJM DAD |
| Plaintiffs, | |
| v. | |
| UNITED STATES ARMY CORPS OF ENGINEERS, | **STIPULATION AND PROTECTIVE ORDER** |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim- Plaintiff, | |
| v. | |
| DUARTE NURSERY, INC., a California Corporation;  and JOHN DUARTE, an individual, | |
| Counterclaim- Defendants. | |

Stipulation/Proposed Confidentiality Order                                    No. 2:13-CV-02095-KJM-DAD

1  Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's Status (Pretrial Scheduling) Order of April 29, 2015 (ECF No. 69), the Parties to this action -- i.e., Plaintiffs and Counterclaim-Defendants Duarte Nursery, Inc. and John Duarte (collectively, "Duarte") and Defendant United States Army Corps of Engineers and Counterclaim-Plaintiff United States of America (collectively, "United States") -- hereby enter into the following stipulation and request that the Court approve it as an Order ("Stipulation and Confidentiality Order").

2\. 1. The term "confidential document" herein means all documents, or parts thereof, which are designated as confidential by the person producing them consistent with the requirements of this stipulation.  The designation shall be made at the time of production by placing:  (a) the words "CONTAINS CONFIDENTIAL INFORMATION, PRODUCED BY" and the name of the producing person on the first page of the each document; and (b) the word "CONFIDENTIAL" on each confidential page of such document.  Such designation shall constitute a certification by the attorney of record for the producing person that the document so designated, or parts thereof, is in good faith claimed to be confidential because of its private personal financial information.  In addition, such designation shall constitute a certification by the attorney of record for the producing person that all of the following are true to the best of his or her knowledge after a reasonable inquiry:

   a. the producing person has taken reasonable measures to protect the confidentiality of the document and intends to continue to take such measures;

   b. the document is not required to be disclosed, or otherwise made available, to the general public or to any federal, state, or local governmental body or agency under federal or state law, unless the document is a tax return which is required to be so disclosed but may be designated as confidential under this Stipulation and Confidentiality Order nevertheless;

   c. unlimited disclosure of the document is likely to cause substantial harm to the privacy of the producing person;

   d. the document was not previously provided to the producing person from a third party with a lawful right to it; and

1          e.       the document is not already or was not in the public domain.[1]

2      2.      The receiving party may challenge the producing person's designation, but unless and until such designation is overturned by the Court (or otherwise resolved) the document shall remain a "confidential document."  The burden of establishing the confidentiality of any document shall be on the person favoring confidentiality.

      3.      No confidential document shall be disclosed to any person for any purpose other than the prosecution, defense, appeal, or settlement of the above-entitled action.  In addition, disclosure may only be made to the persons identified in paragraph 4 below and only in the manner provided in this Stipulation and Confidentiality Order, or as necessary for pretrial or trial proceedings, unless otherwise provided by further Order of this Court, by further stipulation, or by order or subpoena of any court of competent jurisdiction.

      4.      The following persons may have access to any confidential document for purposes of the prosecution, defense, appeal, or settlement of the above-entitled action:

        a.       the Parties and their employees working on the above-entitled action;

        b.       the attorneys representing the Parties and supervisors and personnel of the attorneys' law firms and agencies as necessary for the attorneys to perform their work in connection with the above-entitled action;

        c.       the Court, employees of the Court assigned to the above-entitled action, and Court stenographic reporter, outside photocopying organization, or other litigation support provided, engaged, or retained by counsel for a party;

        d.       deposition court reporters, transcribers, or their assistants;

---

[1] "In the public domain" means, and the confidentiality requirements set forth herein shall not apply to, documents to the extent that they:  (a) are already public knowledge, i.e., demonstrably obtainable from public sources through legitimate means; (b) have become public knowledge (other than as a result of an improper disclosure by a receiving party in the above-entitled action); or (c) have or shall come into the receiving party's legitimate possession independently of the producing person.

    e. persons (and their assistants) not employed by a party but retained to assist in the above-entitled action, such as experts or consultants, with disclosure only to the extent necessary to perform such work (such as an expert report);

    f. persons who have access to the confidential document as evidenced by the material itself in that it is either to, from, or copied to such persons;

    g. any person whose testimony is to be taken, to the extent necessary for the preparation or perpetuation of that testimony or potential testimony;

    h. persons involved in one or more aspects of filing, organizing, coding, converting, photocopying, storing, retrieving, or designing programs for handling data connected with the above-entitled action; and

    i. other persons qualified to have access to any confidential document by agreement of the producing party or by further Order of the Court.

  5. Any party affirmatively disclosing any confidential document to any person enumerated in paragraph 3 above shall make such person aware of this Stipulation and Confidentiality Order, and such person shall agree not to disclose any confidential document to any other person except in conformance with this Stipulation and Confidentiality Order.

  6. In connection with the issuance of process to compel attendance of a witness at a deposition or other testimonial proceeding, such process may include a notice specifying that one or more confidential document disclosed at such deposition or other proceeding is protected pursuant to the terms of this Stipulation and Confidentiality Order, in which event the witness, who shall be served with a copy of this Stipulation and Confidentiality Order along with the notice of deposition or subpoena, shall be deemed fully apprised and bound by the terms of this Stipulation and Order.

  7. Any party who has designated a document as confidential may designate deposition or other testimony of any person related to that document as confidential, by making the designation on the record and specifically identifying the document's production number or, if a document is not numbered, its date, author, recipients, and subject matter, to the extent possible.  If any confidential document is used during the testimony, portions of the transcript

referring to such confidential document shall themselves be deemed confidential and subject to the terms and restrictions of this Stipulation and Confidentiality Order. In all other respects, the transcript shall not be treated as confidential.

8. Any Party may file, proffer into evidence, or address orally or in writing the contents of, any confidential document with the Court, provided that the Party provides the opposing Party sufficient notice in advance to allow for the seeking of an Order of seal or redaction. If a sealing or redaction Order issues, the Parties shall follow the Court's ECF procedures for sealing and redaction, Local Rules 140 and 141, and the Court's April 28, 2015 Status (Pretrial Scheduling) Order (ECF No. 69), unless the Court Orders otherwise.

9. Nothing in this Stipulation and Confidential Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying on the examination of any confidential document.

10. Any party wishing to designate a document as confidential must do so no later than 30 days before the deadline for the exchange of trial exhibits. Any party wishing to challenge a confidential document designation must do so no later than 10 days prior to the date on which Parties must exchange trial exhibits.

11. Nothing in this Stipulation and Confidentiality Order shall prevent the Parties from seeking modification of it or from objecting to discovery or evidence on other grounds.

12. Nothing in this Stipulation and Confidentiality Order shall modify those provisions of Local Rule 140(a) relating to omission or redaction or personal data identifiers, or those provisions of Local Rule 140(b) relating to the seeking of a protective order or order authorizing redaction before protected information is submitted.

Respectfully submitted,

Dated: May 6, 2015

JOHN C. CRUDEN
Assistant Attorney General
/s Andrew J. Doyle
ANDREW J. DOYLE (FL Bar No.84948)
JOHN THOMAS H. DO (CA Bar No. 285075)
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division

|     |     |     |
| --- | --- | --- |
| 1   |     | P.O. Box 7611 |
| 2   |     | Washington, DC 20044 |
|     |     | (202) 514-4427 (p) (Doyle) |
| 3   |     | (202) 514-2593 (p) (Do) |
|     |     | (202) 514-8865 (f) |
| 4   |     | andrew.doyle@usdoj.gov |
| 5   |     | john.do@usdoj.gov |

                          BENJAMIN B. WAGNER
                          United States Attorney
                          GREGORY T. BRODERICK (CA Bar No. 220871)
                          Assistant United States Attorney
                          501 I Street, Suite 10-100
                          Sacramento, CA  95814
                          (916) 554-2700 (p)
                          (916) 554-2900 (f)
                          gregory.broderick@usdoj.gov

                          *Attorneys for Defendant and Counterclaim-Plaintiff*

Dated:  May 6, 2015            /s Peter Prows
                          DAVID M. IVESTER (CA Bar No. 76863)
                          PETER PROWS (CA Bar No. 257819)
                          Briscoe Ivester & Bazel LLP
                          155 Sansome Street, Seventh Floor
                          San Francisco, CA  94104
                          (415) 402-2700 (p)
                          (415) 398-5630 (f)
                          divester@briscoelaw.net
                          pprows@briscoelaw.net

                          M. REED HOPPER (CA Bar No. 131291)
                          ANTHONY L. FRANÇOIS (CA Bar No. 184100)
                          Pacific Legal Foundation
                          930 G Street
                          Sacramento, CA  95814
                          (916) 419-7111 (p)
                          (916) 419-7747 (f)
                          mrh@pacificlegal.org
                          alf@pacificlegal.org

                          GERALD E. BRUNN (CA Bar No. 107004)
                          Law Offices of Brunn & Flynn
                          928 12th Street, Suite 200
                          Modesto, CA  95354

(209) 521-2133 (p)
(209) 521-7584 (f)
gbrunn@brunn-flynn.com

*Attorneys for Plaintiffs and Counterclaim-Defendants*

### ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: May 15, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
duarte2095.stip.prot.ord.docx