UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE NURSERY, INC., a California Corporation; and JOHN DUARTE, an individual,<br><br>            Plaintiffs,<br><br>       v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>            Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br><br>            Counterclaim-Plaintiff,<br><br>       v.<br><br>DUARTE NURSERY, INC., a California Corporation; and JOHN DUARTE, an individual,<br><br>            Counterclaim-Defendants. | No. 2:13-cv-02095-KJM-DAD<br><br><br>ORDER |

       This matter is before the court on the motion for leave to file a second amended complaint by plaintiffs Duarte Nursery, Inc. and John Duarte (collectively, plaintiffs or Duarte). ECF No. 80. Defendant U.S. Army Corps of Engineers (the Corps) and counterclaim-plaintiff the

1

United States oppose the motion, ECF No. 82, and plaintiffs have replied, ECF No. 84.  This matter is decided without a hearing.  For the following reasons, the court GRANTS plaintiffs' motion.

I.  BACKGROUND

    A.  Procedural History

Plaintiffs commenced this action on October 10, 2013, stating claims against the Corps and seven officers of California's Central Valley Regional Water Quality Control Board (Board).  ECF No. 1.  Generally, plaintiffs alleged the Corps' cease-and-desist order (CDO) and Notice of Violation (NoV) issued to them violated the Due Process Clause.  *See generally id.*  The CDO, issued February 25, 2013, alleges that plaintiffs "discharged dredged or fill material into seasonal wetlands, vernal pools, vernal swales, and intermittent and ephemeral drainages, which are waters of the United States, without a . . . permit," and further stated that "[s]ince a DA [Department of Army] permit has not been issued authorizing this discharge, the work is in violation of the Clean Water Act [CWA]."  *See* First Am. Compl. (FAC) ¶ 50, ECF No. 40.

The state defendants and the Corps separately moved to dismiss the original complaint, ECF Nos. 8 & 9, and the court granted the state defendants' motion and denied the Corps' motion in a single order on April 23, 2014.  ECF No. 27.  The U.S. Department of Justice, on behalf of the Corps, then filed an answer to the due process claims and, in addition, a counterclaim for injunctive relief and civil penalties under the Clean Water Act.  ECF No. 28.  Plaintiffs moved to file a first amended complaint[1], which defendant Corps did not oppose, and that complaint was filed on August 6, 2014.  *See* FAC.  The amended complaint added a sixth claim for retaliatory prosecution in violation of the First Amendment.  *Id.*  On September 12, 2014, defendant Corps moved to dismiss the first, second, fifth, and sixth claims.  ECF No. 46.  On March 24, 2015, the court granted the motion with leave to amend as to plaintiffs' sixth claim of retaliatory prosecution, and denied the motion in all other respects.  ECF No. 63.

/////

---

[1] The parties and docket refer to this as a "first supplemental complaint," though the court will refer to it as a "first amended complaint," for consistency with its previous order.

2

The parties entered into a stipulation on April 3, 2015, setting April 14, 2015 as the deadline for plaintiffs to file an amended complaint. ECF No. 64. If plaintiffs did not timely file an amended complaint, defendant had until April 24, 2015 to file an answer to operative portions of the First Amended Complaint. *Id*. If Duarte timely filed an amended complaint, defendant had until May 5, 2015 to file an answer or other response to that amended complaint. *Id*. Plaintiffs did not file an amended complaint, and defendant answered the first amended complaint on April 22, 2015. ECF No. 68.

On July 7, 2015, plaintiffs filed the instant motion, arguing they had recently discovered facts that would cure the retaliatory prosecution claim's deficiencies, seeking leave to amend the first amended complaint to include those facts and including a proposed second amended complaint. ECF No. 80. The amended allegations appear in the caption, and at page 3, ¶ 10; page 9, ¶¶ 48-49; page 11, ¶ 55b; pages 14-15, ¶¶ 82-95; pages 19-20, ¶¶ 116-121; and page 21, ¶ 9 of the Prayer for Relief. Francois Decl., ECF No. 80-2.

B.  Case Scheduling

The court convened an initial scheduling conference on April 16, 2014, all parties appearing. ECF No. 67. Among other dates, the court set a discovery cut-off of October 2, 2015 and a November 6, 2015 dispositive motion deadline. ECF No. 69. After a request for clarification, the court issued an amended pretrial scheduling order, amending deadlines for expert reports, but retaining all other deadlines. ECF No. 73.

II.  LEGAL STANDARD

A party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party,

/////

3

*id*., and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party must next satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing with approval *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations omitted).

III.  DISCUSSION

The court first looks to Rule 16(b)'s "good cause" standard. The court finds good cause because plaintiffs have consistently pursued the retaliatory prosecution claim and diligently sought leave to amend upon discovering the additional facts. In May 2015, they received the following documents among others in response to a production request: correspondence surrounding the filing of the counterclaim, correspondence containing a third party's observation that the counterclaim is retaliatory, and a deposition of Matthew Kelley of the Army Corps staff, who testifies about the unusual circumstances surrounding this litigation. *See* Francois Decl. at 2. A portion of the documents became available to plaintiffs on May 21, 2015, and the deposition transcripts became available on June 5, 2015. *Id*. Plaintiffs filed the instant motion several weeks later, on July 7, 2015. Plaintiffs pursued leave diligently. *See Wynes v. Kaiser Permanente Hospitals*, No. 2:10-CV-00702-MCE, 2012 WL 2339245, at *1 (E.D. Cal. June 19, 2012)

(finding diligence where documents were produced in March and plaintiff sought leave to amend in light of those documents two months later).

Finding Rule 16 satisfied, the court moves to the Rule 15 factors: prejudice, bad faith, futility, and undue delay. Defendants address only futility in their opposition. *See* Opp'n at 5-9. There is no argument that plaintiffs move in bad faith or with undue delay, or that the new allegations prejudice defendants. The court notes "it is the consideration of prejudice to the opposing party that carries the greatest weight." *See DCD Programs*, 833 F.2d at 185. Here, the allegations are an attempt to cure a previously dismissed claim initially pled by stipulation in August 2014, plaintiffs were granted leave to amend that claim, which arises from documents in defendants' possession, discovery remains open, and the deadline for dispositive motions is in November 2015. Leave to amend would not unfairly prejudice defendants.

Defendants argue the allegations as pleaded in the second amended complaint do not cure the deficiencies of the first amended complaint and are therefore futile. "A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214[2]; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

---

[2] The test for determining the sufficiency of a pleading was augmented by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 561–63 (2007). The Court abrogated the standard set forth in *Conley v. Gibson*, which held that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46 (1957). Now, under *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570). The leading case on futility in the Ninth Circuit, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), echoed the "no set of facts" test and is cited with regularity in this circuit. Because the standard for futility was designed to echo the 12(b)(6) pleading standard, this court assumes the pleading standard of *Twombly* now applies.

> In the court's order dismissing the retaliatory prosecution claim, it found the
>
> > complaint includes no facts supporting an inference the government's counterclaim was motivated by plaintiffs' speech. Plaintiffs have not satisfied their duty of pleading a link between their speech and the government's counterclaim, which seeks enforcement against the same activity alleged in the previously issued CDO and NoV. Even if they did plead such a link, plaintiffs have not pleaded any injury caused by the alleged retaliatory conduct.

Order March 24, 2015 at 8, ECF No. 63.  In the proposed new complaint, plaintiffs plead at least some facts supporting an inference of retaliatory motive: evidence that plaintiffs sought media attention for the alleged lack of due process in the Corps' issuance of the CDO before the government filed its counterclaim, ECF No. 80-4; a recommendation that plaintiffs' alleged unlawful activity be referred to the EPA for enforcement, ECF No. 80-5; testimony that the litigation action was unusual in terms of timing and action taken, ECF No. 80-7; and statements from Caleb Unruh, whom the government sought to depose, that the government pursued the claim in order to intimidate or with some improper motive, ECF No. 80-8.  Plaintiffs' allegations support some inference that defendants filed the counterclaim in retaliation, and that the counterclaim's enforcement action would not have been filed without plaintiffs having first brought their initial claim.  Plaintiffs plead injury of a violation of their rights to free speech.  The claim is therefore legally sufficient and amendment would not be futile.

Because defendants only address futility in their opposition and the court finds leave to amend would not be futile, defendants have not met their burden. *See DCD Programs, Ltd.*, 833 F.2d at 187.

IV.   CONCLUSION

Plaintiffs' motion for leave to amend, ECF No. 80, is granted.  The Clerk of the Court is directed to file the second amended complaint, attached to plaintiffs' motion, on the docket.

IT IS SO ORDERED.

DATED:  September 2, 2015.

_____
UNITED STATES DISTRICT JUDGE