1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DUARTE NURSERY, INC.; and JOHN              No.  2:13-cv-02095-KJM-DAD
     DUARTE,
12
                    Plaintiff,
13                                               ORDER

            v.
14
     UNITED STATES ARMY CORPS OF
15   ENGINEERS; and UNITED STATES OF
     AMERICA,
16
                    Defendant.
17
     _____
18   UNITED STATES OF AMERICA,

19                  Counterclaim-Plaintiff,

20
     v.
21
22   DUARTE NURSERY, INC.; and JOHN
     DUARTE,
23
24                  Counterclaim-Defendants.

25

26          The parties to this action stipulate and jointly move the court to allow Duarte and

27   the United States to each file up to three motions for summary judgment by October 23, 2015.

28
                                            1

1  ECF No. 102.  The parties also request that the court increase the page limits of the combined

2  total of all moving papers for each side to sixty-five (65) pages, the combined total of all

3  oppositions to sixty-five (65) pages, and the combined total of all replies to thirty-two (32) pages,

4  if each motion is filed separately.  The parties also request that if the court prefers the parties file

5  all three motions together in one filing then the page limits should be such that each side's

6  moving paper be limited to sixty (60) pages; each side's opposition be limited to sixty (60) pages;

7  and each side's reply be limited to thirty (30) pages.  *Id.*

8         "The court's caseload is substantial and judicial resources are limited."  *Whitsitt v.*

9  *Vinotheque Wine Cellars*, 2007 U.S. Dist. LEXIS 59997, at *4, 2007 WL 2288128 (E.D. Cal.

10  Aug. 7, 2007).  Every paper filed with the court requires some portion of the institution's limited

11  resources.  *In re McDonald*, 489 U.S. 180, 184 (1989).  It is the court's responsibility to see that

12  the resources are allocated in a way that "promotes the interest of justice."  *Id.*  "District courts

13  have inherent power to control their dockets and may impose sanctions, including dismissal [or

14  default], in the exercise of that discretion."  *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir.  1992);

15  *see also Thompson v. Hous. Auth. Of City of L.A.*, 782 F.2d 829, 831 (9th Cir.  1986) (noting the

16  Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal [or default] for

17  failure to comply with pretrial procedures mandated by local rules and court orders").

18         Here, the court is prepared to accept the parties' representation that three separate

19  briefs will allow for a more clear presentation of issues and that separate briefing is not a method

20  by which to avoid the court's limitation on page-length.  At the same time, the court is not

21  persuaded that the parties require additional pages, over and above what the court allows for any

22  one brief.  Thus, for each brief up to a total of three briefs, the court's standing order "plac[ing] a

23  page limit for dispositive motions of twenty (20) pages on all initial moving papers," remains in

24  effect.

25         IT IS SO ORDERED.

26  DATED:  October 16, 2015.

27

28
_____
UNITED STATES DISTRICT JUDGE

2