1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DUARTE NURSERY, INC., a California          No.  2:13-CV-02095-KJM-AC
    Corporation; and JOHN DUARTE, an
12  individual,

13              Plaintiff,                       ORDER

14        v.

15  UNITED STATES ARMY CORPS OF
    ENGINEERS,
16
                Defendant.
17

18  UNITED STATES OF AMERICA,

19              Counterclaim-Plaintiff

20  v.

21  DUARTE NURSERY, INC., a California
    Corporation; and JOHN DUARTE, an
22  individual,

23              Counterclaim-Defendants.

24

25              This matter is before the court on the Motion to Withdraw Deemed Admissions or,

26  in the alternative, a retroactive Motion for a One-Day Extension to Serve Amended Responses

27  filed by counterclaim-plaintiff United States of America ("the United States") acting through

28

                                          1

1  defendant U.S. Army Corps of Engineers ("the Corps," and collectively "the Government").  ECF

2  No. 101.  Plaintiffs Duarte Nursery, Inc. and John Duarte (collectively, "plaintiffs" or "Duarte")

3  oppose the motion, and seek sanctions.  ECF No. 103.  Defendants have replied.  ECF No. 135.

4  I.      BACKGROUND

5          The court has reviewed the facts of this case in detail in its prior orders.  *See, e.g.,*

6  ECF Nos. 27, 63, 89.  It recounts only facts relevant here in light of the pending motion.

7          Plaintiffs commenced this action on October 10, 2013, stating claims against the

8  Corps and seven officers of California's Central Valley Regional Water Quality Control Board

9  ("Board").  ECF No. 1.  Plaintiffs alleged the cease-and-desist order ("CDO") and Notice of

10  Violation ("NoV") issued by the Corps to plaintiffs violated the Fifth Amendment's Due Process

11  Clause, applicable to the state defendants through the Fourteenth Amendment.  *Id.* ¶ 39–40.  The

12  CDO, issued February 25, 2013, alleges that plaintiffs "discharged dredged or fill material into

13  seasonal wetlands, vernal pools, vernal swales, and intermittent and ephemeral drainages, which

14  are waters of the United States, without a . . . permit," and further stated that "[s]ince a DA

15  [Department of Army] permit has not been issued authorizing this discharge, the work is in

16  violation of the Clean Water Act [CWA]."  *See* First Am. Compl. ("FAC") ¶ 50, ECF No. 40; *see*

17  *also* Second Am. Compl. ("SAC") ¶ 51, ECF No. 90.

18          The state defendants and the Corps separately moved to dismiss the original

19  complaint, ECF Nos. 9 & 10, and the court granted the state defendants' motion and denied the

20  Corps' motion.  ECF No. 27.  On May 7, 2014, the U.S. Department of Justice, on behalf of the

21  Corps, filed an answer to the due process claim and a counterclaim for injunctive relief and civil

22  penalties under the Clean Water Act.  ECF No. 28.  On August 20, 2014, plaintiffs filed the first

23  amended complaint.[1]  ECF No. 41.  The First Amended Complaint added a sixth claim for

24  retaliatory prosecution in violation of the First Amendment.  *Id.*  On September 12, 2014, the

25  Corps moved to dismiss the first, second, fifth, and sixth claims.  ECF No. 46.  On March 24,

26

27          [1] The parties and docket refer to this as a "first supplemental complaint," but, for
consistency with the previous orders, the court will refer to it as a "first amended complaint."

28

2015, the court granted the motion with leave to amend as to plaintiffs' sixth claim of retaliatory prosecution, and denied the motion in all other respects.  ECF No. 63.

On July 7, 2015, plaintiffs filed a motion for leave to further amend the complaint, arguing they had recently discovered facts that would cure the retaliatory prosecution claim's deficiencies.  ECF No. 80.  The Corps opposed the motion.  ECF No. 82.  On September 3, 2015, the court granted plaintiffs' motion, ECF No. 89, and the same date, plaintiffs filed the Second Amended Complaint.  ECF No. 90.  On September 21, 2015, the Corps and the United States filed their answer to the Second Amended Complaint.  ECF No. 99.

In the meantime, plaintiffs served requests for admissions, production of documents and interrogatories, and took depositions of federal employees.  Am. Doyle Decl. ¶ 2, ECF No. 107.  On August 28, 2015, plaintiffs' final set of requests for admissions, numbers 370 to 424 were served by mail.  Mot. to Withdraw Deemed Admis. at 2, ECF No. 101-1.  The responses thus were due on September 30, 2015, two days before the close of the discovery period.  Am. Doyle Decl. ¶ 4l; *see* ECF No. 73.

On October 1, 2015, the government realized it had made a calendaring mistake with respect to the deadline for the response, and asked plaintiffs for a one-day extension.  Am. Doyle Decl. ¶ 4.  Plaintiffs refused to grant the one-day extension.  *Id.*  The government finalized and served the response on plaintiffs the same day.  *Id.* ¶ 5.  On October 2, 2015, the government filed the pending motion.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 36(a) provides that a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."  Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" based

/////

/////

/////

3

1   on Rule 36(b).  Rule 36(b) provides, in pertinent part:

2
> [T]he court may permit withdrawal or amendment if it would
3
> promote the presentation of the merits of the action and if the court
> is not persuaded that it would prejudice the requesting party in
> maintaining or defending the action on the merits.
4

5   Fed. R. Civ. P. 36(b).  Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of

6   admissions.  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).  The rule permits a

7   district court to exercise its discretion to grant relief from an admission made under Rule 36(a)

8   only when:

9
> (1) the presentation of the merits of the action will be subserved,
> and
10

11
> (2) the party who obtained the admission fails to satisfy the court
> that withdrawal or amendment will prejudice that party in
> maintaining the action or defense on the merits.
12

13   *Conlon*, 474 F.3d at 621 (internal quotations removed).

14         The first half of the test in Rule 36(b) is satisfied when maintaining the admissions

15   would practically eliminate any presentation of the merits of the case.  *Conlon*, 474 F.3d at 622

16   (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  As to the second prong, the

17   party relying on the deemed admission has the burden of proving prejudice.  *Conlon*, 474 F.3d at

18   622.  The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the

19   admission will now have to convince the factfinder of its truth.  Rather, it relates to the difficulty

20   a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because

21   of the sudden need to obtain evidence with respect to the questions previously deemed admitted."

22   *Hadley*, 45 F.3d at 1348.

23         "When undertaking a prejudice inquiry under Rule 36(b), district courts should

24   focus on the prejudice that the nonmoving party would suffer at trial."  *Conlon*, 474 F.3d at 623

25   (citing *Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001) (holding, without further

26   analysis, that district court did not abuse discretion by granting Rule 36(b) motion to withdraw

27   deemed admissions because motion was made before trial and nonmoving party would not have

28   been hindered in presenting its evidence); *Hadley*, 45 F.3d at 1348 (focusing prejudice inquiry on

4

1    unavailability of key witnesses and sudden need to obtain evidence); *see also Raiser v. Utah*

2    *County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (finding no prejudice when nonmoving party had

3    relied on deemed admissions for only a two-week period in preparing its summary judgment

4    motion); *In re Durability*, 212 F.3d 551, 556 (10th Cir. 2000) (holding categorically that relying

5    on admissions on summary judgment does not constitute prejudice).

6            Rule 36 "seeks to serve two important goals: truth-seeking in litigation and

7    efficiency in dispensing justice." *Conlon*, 474 F.3d at 622.  Thus, a district court must

8    specifically consider both factors under the rule before deciding a motion to withdraw or amend

9    admissions.  The court may also consider other factors, including whether the moving party can

10   show good cause for the delay and whether the moving party appears to have a strong case on the

11   merits.  *Id.* at 625.

12   III.    DISCUSSION

13           Under *Conlon's* two-prong test, the court first considers whether denying the

14   government's motion would effectively eliminate resolution on the merits.  The court then

15   considers whether plaintiffs, the parties relying on the deemed admissions, have proved the

16   requisite prejudice.  The court next considers other factors, and finally evaluates plaintiffs'

17   request for sanctions.

18           A.    Presentation of the Merits of the Action

19           The court looks to whether "upholding the admissions would practically eliminate

20   any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348.  The government argues that

21   "several of the requests could be either dispositive or virtually dispositive." Mot. at 4.

22   Specifically, the government points to Request No. 389, asking the government to admit it was

23   "wrong in alleging that Duarte violate[d] the Clean Water Act." *Id.* (internal quotations

24   removed).  In addition to Request No. 389, the government also argues that deeming as admitted

25   Requests 384 to 392, which rely on other allegations in the government's counterclaims such as

26   whether Duarte discharged pollutants, would eviscerate the fundamental basis of the United

27   States' allegations against plaintiffs.  Mot. at 3.  Plaintiffs note that district courts in other circuits

28   have found that "when the evidence shows that the deemed admissions should have been

1  admitted anyway the first factor is not present."  Opp'n at 7 (emphasis omitted).  Plaintiffs argue,

2  in essence, that allowing the government to withdraw the admissions would not promote the

3  presentation of the merits, because the "[g]overnment's case is meritless."  Opp'n at 8.

4          As a sister court has noted, "[t]he Ninth Circuit has repeatedly held . . . that the

5  public policy favoring disposition of cases on their merits strongly counsels against dismissal of a

6  case or sanctions that are ultimately case-terminating."  *Doctors Medical Ctr. of Modesto, Inc. v.*

7  *Principal Life Ins. Co.*, No. 10–00452, 2011 WL 831421, at *3 (E.D. Cal. Mar. 3, 2011); *see In re*

8  *Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Here, discovery

9  responses were late due to the government attorney's calendaring mistake.  As in *Doctors*

10  *Medical* the responses here were also delivered merely one day late.  *Doctors Med.*, 2011 WL

11  831421, at *3.  But in *Doctors Medical*, the late responses were inadequate, and the proponent

12  sought amended responses.  *Id.*  The amended responses were never served, and thus the court in

13  *Doctors Medical* found the tardy party had dragged its feet after the initial one-day delay.  *Id.* at

14  *8.  Unlike in *Doctors Medical,* where sanctions were granted because the court found the

15  responding party to be causing intentional delay and unnecessarily driving up litigation cost, here

16  there is no dispute over the incompleteness of the late responses.  *Id.*; Am. Doyle Decl. ¶ 5; *see*

17  *generally* Opp'n.  The Federal Rules are to be administered to secure the just, speedy, and

18  inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  They are "not to

19  be used . . . in the hope that a party's adversary will simply concede essential elements."  *Conlon*,

20  474 F.3d at 622.  Moreover, public policy resoundingly favors resolving a case on its merits.  *See*

21  *generally Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994).

22          The court finds that denying the motion to withdraw deemed admissions would

23  frustrate fair resolution of the case and contravene the strong policy interests favoring

24  consideration of the merits.

25          B.      Prejudice

26          When undertaking a prejudice inquiry under Rule 36(b), the court focuses on the

27  prejudice the nonmoving party would suffer at trial, and the burden is on the nonmoving party to

28  show such prejudice.  *Conlon*, 474 F. 3d at 622–23.  Here, as the government points out, plaintiffs

1    omit any discussion of prejudice in their opposition.  ECF No. 135 at 4.  Plaintiffs have not borne

2    their burden to establish prejudice.

3              Furthermore, the deadline for the government's requests fell two days before the

4    discovery deadline.  Thus, plaintiffs could not have relied on the responses to admissions to

5    conduct further discovery.  Even if plaintiffs relied on the deemed admissions in some way, their

6    reliance reasonably lasted only one day, because the government subsequently served the requests

7    on October 1, 2015 and then promptly filed the pending motion.  Hearing on summary judgment

8    is not until November 20, 2015, and trial is not scheduled until March 28, 2016.  *See Santana*

9    *Row Hotel Partners, L.P. v. Zurich American Ins. Co.*, No. 05-00198, 2007 WL 1140464, at *4

10   (N.D. Cal. Apr. 17, 2007) (prejudice not found where trial date not yet set); *but see Conlon*, 474

11   F.3d at 624 (prejudice found where only eight days remained until trial, but even then noting

12   "close question" as to whether government would have been prejudiced).  Plaintiffs' insistence

13   here makes a mountain of a mole hill, and is in stark contrast to the kind of timing needed to

14   support true prejudice, as signaled by the Ninth Circuit in *Hadley*: "Courts are more likely to find

15   prejudice when the motion for withdrawal is made in the middle of the trial."  *Hadley*, 45 F.3d at

16   1348.

17             The court cannot find plaintiffs will suffer prejudice.

18       C.       Other Factors

19             Other factors may include good cause for the delay and strength of the case on the

20   merits.  *Conlon*, 474 F. 3d 625.[2]

21             Although a calendaring mistake is not generally good cause, the court finds the

22   mistake here was inadvertent, and cured immediately upon the government's noticing the

23   mistake.  The court declines to assess the strength of the government's case at this point, noting

24   the pending motions for summary judgment will provide that opportunity.  *See Borges v. U.S.*

25

26   _____

     [2] Plaintiffs also argued that because the Declaration of Andrew Doyle, ECF No. 101, was
     not properly signed, the motion was not supported by evidence.  The government has submitted

27   an amended declaration, signed by Mr. Doyle, mooting this argument.  *See generally* Am. Doyle
     Decl., ECF No. 107.

28

1   *Bank*, No. 2:12-CV-2427 TLN AC, 2013 WL 1776431, at *3 (E.D. Cal. Apr. 25, 2013) (declining

2   to consider merits of plaintiff's case prematurely).

3              No other factor weighs in favor of granting the motion.

4        D.       Sanctions

5              In considering a motion to withdraw deemed admissions, a court may impose

6   sanctions, including the payment of a monetary fine or the opposing party's increased costs and

7   expenses, even when the court grants the motion to withdraw deemed admissions. *See Hadley*,

8   45 F.3d at 1350; *see also Santana Row*, 2007 WL 1140464, at *5.  Courts in this district have

9   required a party withdrawing admissions to pay a sanction to the opposing party to compensate

10  for the expense caused by its untimely response. *See, e .g.*, *Doctors Med.*, 2011 WL 831421, at

11  *8 (ordering party seeking to withdraw its admissions to pay opposing party's costs of filing

12  motion to have admissions deemed admitted); *Mid Valley Bank v. N. Valley Bank*, 764 F. Supp.

13  1377, 1391 (E.D. Cal. 1991) (ordering party withdrawing admissions to pay reasonable cost of

14  preparing opposition to motion to withdraw admissions).

15             This is not a case in which the government delayed service of a response for an

16  extended period of time, requiring plaintiffs to spend significant sums and lose valuable time. *Cf.*

17  *Santana Row*, 2007 WL 1140464, at *1 (one response not served until year and a half after

18  defendants originally served with requests for admission); *Lamark v. Laiwalla*, No. 12-03034,

19  2013 WL 5703614, at *3 (E.D. Cal. Oct. 15, 2013) (plaintiff granted defendants three-week

20  extension, but defendants did not respond for three months).  Sanctions are not warranted.

21  IV.   CONCLUSION

22             For the foregoing reasons, the court GRANTS the government's motion to

23  withdraw deemed admissions and DENIES plaintiffs' request for sanctions.

24             IT IS SO ORDERED.

25   DATED:  November 13, 2015.

26

27   _____

28   UNITED STATES DISTRICT JUDGE