UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUARTE NURSERY, INC., et al., | No. 2:13-cv-02095-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | |
| Defendants. | |

This matter is before the court on the motion to modify the scheduling order and amend the answer to the counterclaim, and the motion to stay by plaintiffs Duarte Nursery, Inc. and John Duarte. Mot. Am., ECF No. 221; Mot. Stay, ECF No. 223. Defendant and counterclaimant United States opposed each motion. Opp'n Am., ECF No. 247; Opp'n Stay, ECF No. 253. Plaintiffs replied. Reply Am., ECF No. 255; Reply Stay, ECF No. 254.

As explained below, the court denies the motion to modify and amend, and denies the motion to stay as moot.

I.   PROCEDURAL HISTORY

On October 10, 2013, plaintiffs filed the complaint in this matter, alleging, in relevant parts, that defendant United States Army Corps of Engineers (the Army Corps) violated plaintiffs' Fifth Amendment due process rights. Compl., ECF No. 1. The United States moved to

1

dismiss for lack of federal jurisdiction and for failure to state a claim.  Mot. Dismiss 2013, ECF No. 10-1.  The motion was denied.  Order 2014, ECF No. 27.  Following the 2014 Order, the United States filed an answer and counterclaim, alleging plaintiffs violated the Clean Water Act, 33 U.S.C. § 1251 *et seq.*  Countercl. 5, ECF No. 28.  Plaintiffs answered the counterclaim on June 23, 2014.  Pls.' Answer, ECF No. 33.  The defenses raised in plaintiffs' answer did not include retaliation.  Pls.' Answer at 6.  Plaintiffs raised the retaliation allegations against the Army Corps for the first time in their first supplemental complaint.  First Supp. Compl. ¶¶ 114–120, ECF No. 41.

Subsequently, the United States moved to dismiss plaintiffs' first supplemental complaint, in part arguing that plaintiffs' retaliation claim was improper, and should be alleged, if at all, in plaintiffs' answer to the United States' counterclaim.  *See* Mot. Dismiss 2014, ECF No. 46-1 at 2, 20; Reply Mot. Dismiss 2014, ECF No. 52 at 6.  Plaintiffs' opposition to the motion argued explicitly that "Duarte's retaliation claim is not an affirmative defense to the [c]ounterclaim." Opp'n Mot. Dismiss 2014, ECF No. 51 at 19 n.3.  Plaintiffs argued that they can "prevail on its retaliation claim even if the United States . . . prevail[s] on the underlying merits of the [c]ounterclaim."  *Id.*  This court granted the United States' motion to dismiss plaintiffs' retaliation claim but with leave to amend, allowing plaintiffs the opportunity to include additional factual allegations to support an inference that the United States' counterclaim was motivated by plaintiffs' speech, and injury caused by the alleged retaliatory conduct.  *See* Order 2015, ECF No. 63 at 8.  Plaintiffs filed their second amended complaint, including an amended retaliation claim, on September 3, 2015.  Second Am. Compl., ¶¶ 115–121, ECF No. 90.

On October 23, 2015, the parties filed a total of six motions, including the United States' motion to dismiss or in the alternative for summary judgment on plaintiffs' retaliation claim.  Mot. Dismiss 2015 5–13, ECF No. 134.  In a separate motion, the United States moved for summary judgment on its counterclaim.  U.S. Mot. Summ. J. Countercl. 2015 10–21, ECF No. 139.  Plaintiffs did not raise the issue of affirmative defense in the opposition to the United States' motion to dismiss the retaliation claim, or plaintiffs' cross-motion for summary judgment on the United States' counterclaim.  Opp'n Mot. Dismiss 2015, ECF No. 154; Pls.' Mot. Summ.

2

J. Countercl. 2015, ECF No. 128.  On June 10, 2016, the court granted United States' motion to dismiss the retaliation claim and its motion for summary judgment on the counterclaim.  Order 2016, ECF No. 195.  Subsequently, between June and July 2016, plaintiffs filed successive motions, including the two now before the court.  Mot. Recons., ECF No. 196; Mot. Entry Partial J., ECF No. 206 (withdrawn); Mot. Am.; Mot. Stay.  After withdrawing the motion for entry of partial judgment, ECF No. 215, plaintiffs filed a notice of appeal on this court's judgment with respect to plaintiffs' retaliation claim.  Not. Appeal, ECF No. 219.  The Ninth Circuit has now dismissed the appeal for lack of jurisdiction.  *See* ECF Nos. 262 (order), 265 (mandate).

II.     MOTION TO MODIFY SCHEDULING ORDER AND AMEND ANSWER

    A.     Legal Standard

Under Rule 15, leave to amend should be "free give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the standards of Rule 15 do not control the consideration of plaintiffs' motion.  Upon the expiration of the deadline established in a Rule 16 scheduling order, a party seeking to amend its pleadings must satisfy the standards of Rule 16 before the amendments will be allowed.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  *Johnson*, 975 F.2d at 610.  Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Id.* (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 608.

The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  Rule 16(b) allows the modification of the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).  Carelessness is not a reason for modification.  *Johnson*, 975 F.2d at 609 (citations omitted).  Prejudice to the

3

1    party opposing the modification may be an additional reason to deny the motion. *Id.* However,

2    the focus of the inquiry remains on the moving party's reasons for the motion, and "[i]f that party

3    was not diligent, the inquiry should end." *Id.*

4         The party moving to modify the scheduling order carries the burden to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

10   *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

11       B.   Discussion

12        The May 14, 2015 amended pretrial scheduling order states that "[n]o further . . .

13   amendments to pleadings is permitted without leave of court, good cause having been shown."

14   Am. Sched. Order 2015, ECF No. 73 at 2 (citations omitted).  Plaintiffs thus need to show good

15   cause, demonstrated by diligence, under Rule 16 for filing an amended pleading out-of-time. *See*

16   Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 608.

17        Plaintiffs argue they were diligent in seeking a modification of the scheduling order,

18   because they could not have reasonably foreseen it would need to assert its retaliation claim as an

19   affirmative defense until this court addressed the sovereign immunity argument on this issue for

20   the first time on June 10, 2016 and dismissed the claim on that basis. Mot. Am. at 7.  Plaintiffs'

21   argument does not establish "good cause" in that it amounts to asking the court for a second bite

22   of the same apple at the same time the parties are holding their final pretrial conference, after

23   discovery, and right before going to trial.  The United States raised the sovereign immunity

24   argument with respect to plaintiffs' retaliation claim for the first time in its September 12, 2014

25   motion to dismiss.  Mot. Dismiss 2014 at 10.  Plaintiffs had ample time to consider such

26   affirmative defense and request the court for leave to amend then even if the court did not address

27   the issue in its Order 2015.  The fact that the court did not look into a crystal ball and foreshadow

28   the outcome of one of its future orders for plaintiffs is not an argument for belated modification of

the scheduling order and amendments to plaintiffs' answer.  Plaintiffs cannot choose now to ask the court to grant their motion to amend and allow them another attempt at the retaliation theory, but this time couched as an affirmative defense, in hindsight of this court's 2016 decision, granting the United States' motion to dismiss.

The amendment request at this late date threatens the sort of disruption that Rule 16(b) was designed to prevent, namely to alleviate case management problems that may arise from revisiting previously precluded claims.  *Johnson*, 975 F.2d at 610.  Plaintiffs have not demonstrated diligence in pursuing the retaliation claim as an affirmative defense, and thus have not shown good cause for allowing this tardy and disruptive amendment.  The motion to modify scheduling order and for leave to amend is denied.

III.     MOTION TO STAY

Because the interlocutory appeal is no longer pending, the motion to stay is moot.

IV.     CONCLUSION

Plaintiffs' motion to modify the scheduling order and to amend their answer to the United States' counterclaim is denied**.**  Plaintiffs' motion to stay is denied as moot.

IT IS SO ORDERED.

DATED: January 30, 2017.

_____
UNITED STATES DISTRICT JUDGE