| | |
|---|---|
| DUARTE NURSERY, INC., et al., | No. 2:13-cv-02095-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES ARMY CORPS OF ENGINEERS, et. al, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On May 10, 2017, this court found Duarte violated the Clean Water Act (CWA) by discharging pollutants into "waters of the United States" without a permit or statutory exemption. Order at 24–32, ECF No. 195. Finding the CWA to be a strict liability statute, the court concluded a bench trial was needed to determine the issue of injunctive relief and civil penalties. ECF No. 268; *see also* 33 U.S.C. § 1319(b) (providing for injunctive relief), 33 U.S.C. § 1319(d) (providing for civil penalties).

This case is now before the court on plaintiffs Duarte Nursery, Inc.'s and John Duarte's (collectively "Duarte") motion to stay proceedings. Mot., ECF No. 269. Defendant United States opposes. Opp'n, ECF No. 272. At hearing on Duarte's motion, Anthony Francois appeared for Duarte, and Gregory Broderick and John Do appeared for the United States, ECF No. 275. For reasons explained below, Duarte's motion is DENIED.

1

I. BACKGROUND AND PROCEDURAL HISTORY

Duarte filed the operative second amended complaint on September 3, 2015. ECF No. 90. The complaint alleges the Army Corps violated Duarte's Fifth Amendment right to due process and First Amendment right against retaliatory prosecution. *See generally id.* The United States' counterclaim alleges violation of § 301(a) of the CWA, 33 U.S.C. § 1311(a). ECF No. 28 at 16. In support of its counterclaim, the United States alleges Duarte discharged pollutants into "waters of the United States" without authorization. *Id.* The United States requests injunctive relief and civil penalties. *Id.* at 28.

On June 10, 2016, this court granted the United States' motion for summary judgment, concluding that, under Justice Kennedy's "significant nexus" test articulated in his concurrence in *Rapanos v. United States*, 547 U.S. 715, 767 (2006), Duarte violated the CWA and should be held liable. Order at 27, 29–31, 35. The question now remaining before the court is the scope of injunctive relief and the amount of civil penalties. *See id.* at 24 (concluding the CWA is a "strict liability" statute (citing *Waterkeepers N. Cal. v. Ag. Indus. Mfg., Inc.*, No. 00–1967, 2005 WL 2001037, at *13 (E.D. Cal. Aug. 19, 2005)). A bench trial on remedies is being set for August 2017.

On April 18, 2017, Duarte filed a motion to stay this case pending the resolution of a case currently before the Ninth Circuit, *United States v. Robertson*, No. 16–30178 (9th Cir. filed Aug. 1, 2016). Mot. Duarte anticipates *Robertson* will decide whether a prior Ninth Circuit case, *United States v. Davis*, 825 F.3d 1014, 1020 (9th Cir. 2016), had the effect of overturning *N. Cal. River Watch v. City of Healdsburg*, 496 F.3d 993, 999 (9th Cir. 2007), which held that Justice Kennedy's concurrence in the case of *Rapanos*, 547 U.S. at 767, provides the test for determining CWA jurisdiction. The United States opposes a stay. Opp'n. Duarte replied. Reply, ECF No. 273.

II. DISCUSSION

A. Legal Standards

A district court has inherent power to control the disposition of the cases on its docket in a manner to promote economy of time and effort for itself, for counsel and for litigants.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The trial court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings that bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). This rule applies whether the separate proceedings are "judicial, administrative or arbitral in character, and does not require that the issues in such proceedings necessarily control of the action before the court." *Id.*

The court's inherent power is discretionary. *CMAX*, 300 F.2d at 268. In determining whether a stay is warranted, the court must weigh the competing interests resulting from granting or declining a motion to stay. *Id.* Among the competing interests are (1) the possible damage that may result from the granting of a stay, (2) the hardship or inequity a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law expected to result from a stay. *Id.* at 268; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Finally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The court weighs the competing interests in this case below.

B.  Analysis

First, the court must balance the "possible damage which may result from the granting of a stay," with "the hardship or inequity which may [result] in being required to go forward." *CMAX*, 300 F.2d at 268. If there is "even a fair possibility that the stay for which [moving party] prays will work damage to someone else," then the moving party must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

The court must also consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. In reviewing this factor, the court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every

action and proceeding." Fed. R. Civ. P. 1; *see also Landis*, 299 U.S. at 254–55, 57 (a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

Here, Duarte contends a stay is warranted because *Robertson* is expected to be heard by the Ninth Circuit in the next four to five months. Mot. at 7. Duarte also contends if its case proceeds here, it will face unnecessary expenditures in litigating at trial, if the Circuit determines the question of CWA liability is not governed by the *Rapanos* test as this court previously has determined. *Id.* at 9. The United States counters that a decision in *Robertson* may not issue for more than 14 months, and ongoing litigation costs are not a reason to justify stay, particularly given that all that remains in this case is a trial on remedies. Opp'n at 6.

The court finds the first two factors weigh against staying this action. Duarte's contentions do not warrant a stay. First, although oral argument is now set in the Ninth Circuit for August 29, 2017, *see Robertson*, Dkt. No. 57, it is unclear when the Circuit will resolve *Robertson*. Second, as to ongoing litigation costs, the Ninth Circuit has said "being required to defend suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Third, at hearing, the United States contended ongoing and future harm would occur should the case be stayed; any more delay would thwart efforts to mitigate onsite damage to the property. This factor does not justify a stay. *See id.* ("[U]nlike the plaintiffs in *CMAX* and *Leyva*, who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm.").

As to the "orderly course of justice," the court has already concluded Duarte violated the CWA by depositing pollutants into "waters of the United States." Order at 30–31. The court also denied Duarte's motion for reconsideration and reconfirmed Duarte's liability under the CWA. Reconsideration Order at 10, ECF No. 267. All things considered, the posture of this case weighs against a stay. *See CMAX*, 300 F.2d at 268.

The court also is not persuaded a stay is justified because it is not at all clear that the court's reliance on *Rapanos* stands on shaky ground. Duarte banks on the appellate court's

4

decision in *Robertson* overturning a decade's worth of precedent and creating a Circuit split with virtually every other Circuit on the proper standard for determining CWA jurisdiction. The Ninth Circuit adopted the *Rapanos* concurrence standard a decade ago, and every Circuit faced with the same question has reached the same or not inconsistent conclusion. *See Healdsburg*, 496 F.3d at 999 (Kennedy's "significant nexus" test governs CWA jurisdiction); *Precon Dev. Corp. v. U.S. Army Corps of Eng'rs*, 633 F.3d 278, 296 (4th Cir. 2011) (same); *United States v. Robison*, 505 F.3d 1208, 1221–22 (11th Cir. 2007) (same); *United States v. Gerke Excavating, Inc.*, 464 F.3d 723, 724–25 (7th Cir. 2006) (same). Five circuits have concluded the United States may, at its election, prove CWA jurisdiction under either Justice Kennedy's concurrence test or Justice Scalia's plurality test, which provides that only wetlands with a "continuous surface connection" to bodies that are "waters of the United States" are protected under the CWA. *See United States v. Donovan*, 661 F.3d 174, 184 (3d Cir. 2011) ("the CWA is applicable to wetlands that meet either the test laid out by the plurality or by Justice Kennedy in *Rapanos*"); *United States v. Bailey*, 571 F.3d 791, 799 (8th Cir. 2009) ("we . . . hold[] that the Corps has jurisdiction over wetlands that satisfy either the plurality or Justice Kennedy's test"); *United States v. Cundiff*, 555 F.3d 200, 210 (6th Cir. 2009) ("Jurisdiction is proper under both tests"); *United States v. Lucas*, 516 F.3d 316, 327 (5th Cir. 2008) ("the evidence presented at trial supports all three of the *Rapanos* standards[, Plurality, Concurrence, Dissent]"); *United States v. Johnson*, 467 F.3d 56, 62–64 (1st Cir. 2006) (federal regulatory jurisdiction can be established under either the plurality's or Justice Kennedy's test).[1]

If the Ninth Circuit does reverse course in *Robertson*, Duarte will be able to rely on that decision in any appeal of this case. The consideration of the orderly course of justice cautions against granting a stay in this case.

/////

/////

---

[1] At this juncture, although the court need not consider whether or how the United States could satisfy the Scalia plurality test, the United States argues it can, on the current record. Opp'n at 5; North Star Expert Report at 15, ECF No. 131-4.

III. <u>CONCLUSION</u>

On balance, after weighing the competing interests, the court confirms a stay is not warranted. For the foregoing reasons, the court DENIES Duarte's motion to stay.

This order resolves ECF No. 269.

IT IS SO ORDERED.

DATED: June 22, 2017.

_____
UNITED STATES DISTRICT JUDGE