1 JEFFREY H. WOOD
Acting Assistant Attorney General
2 ERIC GRANT (Cal. Bar No. 151064)
Deputy Assistant Attorney General
3 ANDREW J. DOYLE (FL Bar No. 84948)
SAMARA M. SPENCE (TN Bar No. 031484)
4 United States Department of Justice
Environment and Natural Resources Division
5 P.O. Box 7415
Washington, DC 20044
6 (202) 514-0943

7 PHILLIP A. TALBERT
United States Attorney
8 GREGORY T. BRODERICK
Assistant United States Attorney
9 501 I Street, Suite 10-100
Sacramento, CA 95814
10 Telephone: (916) 554-2700

*Attorneys for the United States*

DAVID IVESTER (Bar No. 76863)
13 PETER PROWS (Bar No. 257819)
Briscoe Ivester & Bazel LLP
14 155 Sansome Street, Seventh Floor
San Francisco, CA 94104
15 (415) 402-2700 (p)
divester@briscoelaw.net
16 pprows@briscoelaw.net

17 M. REED HOPPER (Bar No. 131291)
ANTHONY L. FRANÇOIS (Bar No. 184100)
18 Pacific Legal Foundation
930 G Street
19 Sacramento, CA 95814
20 (916) 419-7111

*Attorneys for Duarte Nursery Inc. and John Duarte*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13−CV−02095−KJM−DB |
| Counterclaim-Plaintiff, | **CONSENT DECREE** |
| v. | |
| DUARTE NURSERY, INC.; JOHN DUARTE | |
| Counterclaim-Defendants. | |

| | |
|---|---|
| 1 | WHEREAS, Counterclaim-Plaintiff United States of America has filed a Counterclaim in this action alleging that Counterclaim-Defendants John Duarte and Duarte Nursery, Inc., (collectively, "Defendants") violated and remain in violation of the Clean Water Act ("CWA") section 301(a), 33 U.S.C. § 1311(a); |

WHEREAS, Counterclaim-Plaintiff United States of America has filed a Counterclaim in this action alleging that Counterclaim-Defendants John Duarte and Duarte Nursery, Inc., (collectively, "Defendants") violated and remain in violation of the Clean Water Act ("CWA") section 301(a), 33 U.S.C. § 1311(a);

WHEREAS, the Counterclaim alleges that Defendants' CWA violations resulted from activities on real property near Paskenta Road and Coyote Creek in Tehama County, California ("the Site") in 2012;

WHEREAS, the Counterclaim alleges that Defendants' activities resulted in the unauthorized discharge of dredged or fill material into waters of the United States that are hydrologically and ecologically connected to Coyote Creek and the Sacramento River;

WHEREAS, the Counterclaim requests that the Court award injunctive relief and civil penalties;

WHEREAS, Defendants do not admit the facts as alleged in the Counterclaim and do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Counterclaim;

WHEREAS, the United States does not admit any liability to Defendants arising out of the transactions or occurrences alleged in all claims asserted by Defendants against the United States or the United States Army Corps of Engineers in this case; and

WHEREAS, the Parties recognize that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation among the Parties, and the Court by entering this Consent Decree finds that this Consent Decree is fair, reasonable, and in the public interest;

THEREFORE, before the taking of any testimony, and without further adjudication or admission of any issue of fact or law except as provided in Section I of this Consent Decree, and with the consent of the Parties by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

///

///

## I. JURISDICTION, VENUE, AND SUFFICIENCY OF COMPLAINT

1. This Court has jurisdiction over the subject matter of the Counterclaim pursuant to at least 28 U.S.C. §§ 1331 and 1345. Defendants withdraw their motion to dismiss for lack of subject matter jurisdiction.

2. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c).

3. For purposes of this Consent Decree, including any action to enforce this Consent Decree, Defendants consent to personal jurisdiction and venue; and

4. For purposes of this Consent Decree, including any action to enforce this Consent Decree, the Parties agree, and the Court finds, that the Counterclaim states claims upon which relief can be granted pursuant to CWA sections 301(a) and 309(d), 33 U.S.C. §§ 1311(a) and 1319(d).

## II. APPLICABILITY

5. This Consent Decree applies to and is binding upon the United States, and upon Defendants and any successors, assigns, or other persons otherwise bound by law whether or not such person has notice of this Consent Decree.

6. No transfer of ownership or control of the Site, of any portion of the Site, or of any less-than-fee-simple interest in the Site or a portion thereof (such as an easement or lease) shall relieve Defendants of any of their obligations in this Consent Decree. As a condition of any such transfer, Defendants shall reserve all rights necessary to comply with this Consent Decree. At the time of such transfer, Defendants shall provide a copy of this Consent Decree to the transferee, shall obtain the transferee's acknowledgement thereof, and shall provide written notice of the transfer and a copy of such acknowledgment to the United States and to the Corps at the addresses specified in Section XI of this Consent Decree. Any attempted or actual transfer of any interest in the Site without complying with this Paragraph constitutes a violation of this Consent Decree.

7. Defendants shall provide a copy of this Consent Decree to all officers and agents whose duties might reasonably include compliance with any provision of this Consent Decree,

including any contractor or consultant retained to perform remedial work or monitoring and maintenance required under this Consent Decree. To the extent that Defendants retain any contractor or consultant to perform remedial work, monitoring and maintenance, or any other obligation required under this Consent Decree, Defendants shall condition any such contract upon performance that conforms to the terms of this Consent Decree.

8. In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or consultants to take any actions necessary to comply with this Consent Decree.

## III. DEFINITIONS

9. Terms used in this Consent Decree that are defined in the CWA or in regulations promulgated pursuant to the CWA shall have the meanings assigned to them in the CWA or such regulations, unless otherwise provided in this Consent Decree.

10. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Balance of the Site" shall mean all areas of the Site except for the areas identified as "waters of the United States" on the United States' expert team delineation, marked Trial Exhibits 59 and 60 and attached hereto as Appendix 1, and the Conservation Reserve.

"Counterclaim" shall mean the affirmative claim filed by the United States in this action on May 7, 2014, and attached hereto as Appendix 2;

"Conservation Reserve" shall mean the entirety of the following areas within the Site: (1) as much of the main stem of Coyote Creek that Defendants own or control, including all areas at or below its Ordinary High Water Mark ("OHWM") as identified by the United States' expert team delineation identified on Trial Exhibits 59 and 60, as well as a setback of 75 feet beyond the OHWM; and (2) as much of Stream 2 that Defendants own or control, including all areas at or below its OHWM as identified in the United States' expert team delineation identified on Trial Exhibits 59 and 60, as well as a setback of 75 feet beyond the OHWM.

///
///

"Corps" shall mean the United States Army Corps of Engineers and any of its successor departments or agencies. Unless the context shows otherwise, all references to the United States herein shall include the Corps.

"Day," whether capitalized or not, shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

"Defendants" shall mean John Duarte and Duarte Nursery, Inc.

"Effective Date" shall mean the date on which this Consent Decree is entered by the Court.

"Parties" shall mean the United States, the Corps, and Defendants.

"Site" shall mean the real property at issue in this case that is currently owned or controlled by Duarte Nursery, Inc., bounded on the north by the main stem of Coyote Creek, situated along Paskenta Road, comprising approximately 450 acres, located in rural Tehama County, California, and having Assessor's Parcel Numbers 037-070-351 and 037-070-371.

## IV. SCOPE, EFFECT, AND RESERVATION OF RIGHTS

11. This Consent Decree resolves (a) the civil claims of the United States for the violations of the CWA alleged in the Counterclaim, subject to Defendants' compliance with this Consent Decree; and (b) all claims that Defendants brought, or could have brought, against the United States related to the Counterclaim (including, but not limited to, the claims set forth in Duarte's Complaint, First Supplemental Complaint, and Second Amended Complaint). All Parties waive any and all rights of appeal.

12. Defendants' release shall extend to all claims whether or not claimed or suspected and constitute a waiver of each and all the provisions of the California Civil Code, Section 1542 (to the extent it would be applicable), which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Defendants have read and understood the foregoing, are represented by counsel, and indicate their understanding by signing here: _____ (John Duarte individually); _____ (for Duarte Nursery, Inc. by its President).[1]

13. It is the express purpose of the Parties in entering this Consent Decree to further the objectives set forth in CWA section 101, 33 U.S.C. § 1251.

14. Defendants' obligations under this Consent Decree are joint and several.

15. The Parties acknowledge that, as of the Effective Date of this Consent Decree, Nationwide Permit 32, 77 Fed. Reg. 10,184 (Feb. 21, 2012), provides CWA section 404 authorization for the discharge of dredged or fill material insofar as such discharge is necessary to fulfill the remedial requirements set forth in Paragraph 24 of this Consent Decree, with such authorization being subject to the conditions provided in Nationwide Permit 32 and this Consent Decree.

16. This Consent Decree is not and shall not be interpreted to be a permit, or modification of any permit, under any federal, state, or local laws or regulations. Defendants are responsible for compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth in this Consent Decree. The United States does not warrant that Defendants' compliance with any aspect of this Consent Decree will result in compliance with any provisions of federal, state, or local laws, regulations, or permits. Further, in any future Clean Water Act permit application, Defendants may not rely upon (a) any provision of this Consent Decree, including on-Site remediation work or preservation, as part of any avoidance and minimization measures demonstration; or (b) any provision of this Consent Decree, including off-Site compensatory mitigation, as part of any compensatory mitigation proposal.

---

[1] Proposed Consent Decree filed by the parties contains signatures.

5

17. Except as provided in Paragraph 15, nothing in this Consent Decree shall limit the ability of the Corps to issue, modify, suspend, revoke, or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the United States Environmental Protection Agency's ability to exercise its authority pursuant to CWA section 404(c), 33 U.S.C. § 1344(c).

18. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

19. The United States reserves all legal and equitable remedies available to enforce this Consent Decree and applicable law, except as expressly stated in Paragraph 11 of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain remedies under the CWA or its implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 11 of this Consent Decree.

## V. REMEDIAL PROVISIONS

### A. CIVIL PENALTY

20. Within one-hundred eighty (180) Days of the Effective Date of this Consent Decree, Defendants shall pay a civil penalty to the United States in the amount of three-hundred thirty thousand dollars ($330,000).

21. Payment to the United States shall be made in accordance with written instructions to be provided to Defendants by the United States Department of Justice following entry of this Consent Decree. Upon payment, Defendants shall provide written notice to the United States at the addresses specified in Section XI of this Consent Decree.

### B. INJUNCTIVE RELIEF

22. Except as necessary to fulfill the requirements of Paragraph 24 below, Defendants and their agents, successors, and assigns and all persons having actual or constructive notice of this decree are enjoined from disturbing approximately 44 acres of waters of the United States on the Site as identified in the United States' expert team delineation in Trial Exhibits 59 and 60 (Appendix 1 hereto), plus a 35-foot setback, by any dredging, filling, land clearing, tillage,

agricultural activities, construction work, or any pollutant discharge or earthmoving activities for a period of ten (10) years beginning the Effective Date of this Consent Decree. Nevertheless, Defendants and their agents, successors, and assigns may use the foregoing 44 acres for moderate non-irrigated cattle grazing and weed, pest, or invasive species control. The obligations of this paragraph shall run with the land and bind Defendants' successors and assigns, and shall be enforceable by the United States or the Corps (by any appropriate legal proceeding, including but not limited to enforcement of this Consent Decree). The Balance of the Site is not affected by this Paragraph.

*Provided*, that at any time after two (2) years from the Effective Date of this Consent Decree, Defendants may seek from the Corps a revised jurisdictional determination for the Site. In making such determination, the Corps shall apply the then-applicable definition of "waters of the United States" and shall otherwise act in accordance with then-governing law. Defendants may thereafter conduct activities otherwise consistent with then-governing law in areas determined by such revised determination (as may be modified on judicial review thereof) not to be "waters of the United States." This proviso does not apply to the Conservation Reserve.

23. Except as necessary to fulfill the requirements of Paragraph 24 below, Defendants and their agents, successors, and assigns and all persons having actual or constructive notice of this decree are permanently enjoined from disturbing the Conservation Reserve by any dredging, filling, land clearing, tillage, agricultural activities, construction work, or any pollutant discharge or earthmoving activities. Nevertheless, Defendants and their agents, successors, and assigns may use the Conservation Reserve for moderate non-irrigated cattle grazing and weed, pest, or invasive species control. The obligations of this paragraph shall run with the land and bind Defendants' successors and assigns, and shall be enforceable by the United States or the Corps (by any appropriate legal proceeding, including but not limited to enforcement of this Consent Decree). The Balance of the Site is not affected by this Paragraph.

24. Defendants shall, within thirty (30) Days of the Effective Date of this Consent Decree, submit to the Corps a plan to (a) smooth all disturbed soil surfaces and reasonably match the pre-November 2012 grade and hydrology within impacted waters of the United States on the

Site, approximately 22 acres as identified in Trial Exhibit 61 and attached hereto as Appendix 3; (b) stabilize bare mineral soils by planting a native grass and seed mix or taking other appropriate erosion and sediment control measures; and (c) complete the foregoing steps promptly but under a seasonally appropriate schedule such as completing all smoothing near the end of the first available dry season and installing any plants near the beginning of the wet season that follows. Defendants shall obtain approval of a detailed remediation plan covering the aforementioned work by the Corps prior to implementation, which approval shall not be unreasonably withheld. Defendants shall implement the plan as approved by the Corps.

25. Within fourteen (14) Days of completion of remedial work required in Paragraph 24 above, Defendants shall provide written notice to the United States, including the Corps, under Section XI of this Consent Decree.

26. Within 30 days of the Effective Date, Defendants shall record a certified copy of this Consent Decree with the Tehama County, California, recorder's office. Within 30 Days of such recording, Defendants shall provide written notice of such completion, along with a copy of the recorded instrument, to the United States and the Corps at the addresses specified in Section XI of this Consent Decree.

27. No later than one (1) year from the Effective Date of this Consent Decree, Defendants shall effect off-site compensatory mitigation by expending seven-hundred seventy thousand dollars ($770,000) in some combination of the following: (1) purchasing vernal pool establishment credits from one or more Corps-approved mitigation banks that serve the Coyote Creek or Oat Creek watersheds; (2) purchasing credits from the National Fish and Wildlife Foundation's In Lieu Fee Program for the Northeastern Sacramento Valley Vernal Pool Service Area; or (3) effecting such mitigation in another manner approved by the Corps. Within fourteen (14) Days of completion of the requirements of this Paragraph, Defendants shall provide written notice to the United States and the Corps under Section XI of this Consent Decree.

**VI. SUBMISSIONS**

28. Each submission by Defendants under this Consent Decree shall be signed by an official of the submitting party and include a certification to the effect of the following:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

29. The reporting requirements of this Consent Decree do not relieve Defendants of any reporting obligations otherwise required by federal, state, or local law, regulation, permit, or other requirement.

30. Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII. **RETENTION OF RECORDS AND ACCESS**

31. Until three (3) years after the termination of this Consent Decree pursuant to Section XV, Defendants shall retain, and shall instruct their contractors, consultants, and other agents to preserve, all non-identical copies of all documents, records, or other information (including electronically stored information) in their or their contractors' or other agents' possession or control, or that come into their contractors' or other agents' possession or control, that relate in any manner to Defendants' performance of its obligations under this Consent Decree. At any time during this information-retention period, upon request by the United States, Defendants shall provide copies of any documents, records, or other information required to be maintained under this Paragraph. If Defendants assert that any information is protected from disclosure under any privilege or protection recognized by federal law, and the United States disputes such assertion, the dispute may be resolved in accordance with Section VIII of this Consent Decree.

32. The United States and the Corps shall have the right to access all or part of the Site at all reasonable times, with reasonable advance notice, in order to

    a. monitor the progress of activities required under this Consent Decree;

        b.      verify any data or information submitted to the United States or the Corps in accordance with the terms of this Consent Decree;

        c.      obtain samples;

        d.      obtain documentary evidence, including photographs and similar data; and

        e.      assess Defendants' compliance with this Consent Decree.

Nothing in this Consent Decree is intended to alter the otherwise governing law of premises liability.

33. This Consent Decree in no way limits or affects the United States' otherwise existing rights of entry and inspection or right to obtain information, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information.

## VIII. DISPUTE RESOLUTION

34. Unless otherwise expressly provided for in this Consent Decree, the Parties shall attempt to resolve any and all disputes arising under or with respect to this Consent Decree through the dispute resolution procedures of this Section ("Dispute Resolution").

35. A dispute shall be considered to have arisen when a written Notice of Dispute is transmitted to the opposing party at the addresses specified in Section XI. Such Notice of Dispute shall state clearly the matter in dispute.

36. If after 30 Days of transmittal of the Notice of Dispute, the complainant concludes that the Parties have reached an impasse, then the complainant may seek resolution of the dispute by the Court. The Parties may continue to attempt to resolve the Notice of Dispute while the matter is pending before the Court.

37. The invocation of Dispute Resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Decree. Stipulated penalties and interest, if applicable to the disputed matter, shall continue to accrue from the first Day of violation, but payment shall be stayed pending resolution of the dispute as provided in Section X. If Defendants do not prevail on any disputed issue, stipulated penalties, and interest, if applicable, are to be assessed and paid as provided in Section X. If

determined by the Court that Defendants did not violate the Consent Decree, no stipulated penalty or interest shall be assessed against Defendants.

**IX.    FORCE MAJEURE**

38.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendants, of any person controlled by Defendants, or of Defendants' contractors or consultants that delays or prevents the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation.

39.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendants shall provide notice to the United States, at the addresses specified in Section XI, within a reasonable time after Defendants first knew or should have known that the event might cause a delay.  Defendants shall also provide an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendants' rationale for attributing such delay to a force majeure event if it intends to assert such a defense; and a statement as to whether, in the opinion of Defendants, such event may cause or contribute to an endangerment to public health, welfare, or the environment.  Defendants shall include with any written notice required by this Section all available documentation.

40.    If the United States agrees in writing that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event may be extended for such time as is necessary to complete those obligations.

41.    If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, or does not agree to the extension of time sought by Defendants, then Defendants may invoke Dispute Resolution under Section VIII of this Consent Decree.

42. If Defendants invoke Dispute Resolution under Section VIII of this Consent Decree, Defendants shall have the burden of demonstrating that the delay or anticipated delay has been or will be caused by a force majeure event; the number of Days of delay or anticipated delay that was or will be caused by such force majeure event; that the duration of the delay or the extension sought was or will be warranted under the circumstances; that Defendants could not have foreseen and prevented such delay; that Defendants exercised best efforts to prevent, avoid, minimize, and mitigate the delay and its effects; and that Defendants complied with the requirements of this Section.

## X. STIPULATED PENALTIES

43. Defendants shall be liable for stipulated penalties to the United States for violations of this Consent Decree in accordance with this Section, unless excused under Section IX (Force Majeure). A violation includes failing to perform any obligation required by this Consent Decree, including but not limited to any remedial work plan or schedule approved under this Consent Decree, within the specified time schedules established by or approved under this Consent Decree. *Provided*, however, that an insubstantial violation that is cured within seven (7) days of Defendants' receiving written notice from the United States or the Corps shall not incur penalties greater than ten thousand dollars ($10,000).

44. Stipulated penalties shall accrue for violating this Consent Decree in the amount of two thousand five hundred dollars ($2,500) per Day.

45. Stipulated penalties under this Section shall begin to accrue on the Day that a violation occurs and shall continue to accrue until the violation ceases.

46. Except as provided in this Section, Defendants shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand. Defendants shall make any such payment in accordance with written instructions to be provided by the United States. Upon any such payment, Defendants shall provide written notice to the United States at the addresses specified in Section XI of this Consent Decree.

47. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

48. Any disputes concerning the amount of stipulated penalties or the underlying violation that gives rise to the assessment of stipulated penalties are subject to the Dispute Resolution provisions of Section VIII. Stipulated penalties and any applicable interest shall continue to accrue as provided in this Consent Decree, but need not be paid until the following:

    a. If the dispute is resolved by agreement between the Parties, Defendants shall pay the amount due under such agreement, together with any applicable interest, to the United States within thirty (30) Days of the effective date of the agreement.

    b. If the dispute is taken to the Court, Defendants shall pay all accrued penalties determined by the Court to be owing, together with any applicable interest, to the United States within thirty (30) Days of receiving the Court's decision, except as provided in subparagraph c, below.

    c. If any party appeals the Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with any applicable interest, to the United States within fifteen (15) Days of receiving the final appellate decision.

49. If Defendants fail to pay stipulated penalties according to the terms of this Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

50. The payment of stipulated penalties and interest, if any, shall not alter in any way Defendants' obligation to complete the performance of the requirements of this Consent Decree.

51. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section IV, the United States expressly reserves the right to seek any other relief it deems appropriate for Defendants' violation of this Consent Decree or applicable law, including but not limited to an action against Defendants for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. However, the amount of any statutory penalty assessed for a violation of this Consent Decree

shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## XI. NOTICES AND COMMUNICATIONS

52. All notices and communications required under this Consent Decree shall be made to the Parties through each of the following persons and addresses:

    a.    TO THE UNITED STATES:

        i.    TO THE DEPARTMENT OF JUSTICE:

LETITIA A. GRISHAW  
Chief, Environmental Defense Section  
ANDREW J. DOYLE  
SAMARA M. SPENCE  
United States Department of Justice  
Environment and Natural Resources Division  
P.O. Box 7611  
Washington, DC 20044  
andrew.doyle@usdoj.gov  
samara.spence@usdoj.gov  
DJ # 90-5-1-4-19984  

AND  

PHILLIP A. TALBERT  
United States Attorney  
GREGORY T. BRODERICK  
Assistant United States Attorney  
501 I Street, Suite 10-100  
Sacramento, CA 95814  
gregory.broderick@usdoj.gov  

        ii.    TO THE CORPS:

A.L. FAUSTINO  
District Counsel  
U.S. Army Corps of Engineers  
Sacramento District  
1325 J Street, Room 1440  
Sacramento, CA 95814  
Al.Faustino@usace.army.mil  

    b.    TO DEFENDANTS:

GERALD E. BRUNN  
Law Offices of Brunn & Flynn  
928 12th Street, Suite 200  
Modesto, CA 95354  
(209) 521-2133 (p)  
(209) 521-7584 (f)  
gbrunn@brunn-flynn.com

53. Any party may, by written notice to the Parties, change its designated notice recipient or notice address provided above.

54. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII. COSTS OF SUIT

55. The Parties shall bear their own costs and attorneys' fees in this action to date. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants.

## XIII. PUBLIC PARTICIPATION

56. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendants consent to entry of this Consent Decree without further notice and agree not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Decree. Defendants shall be free to exercise their rights protected by the First Amendment to the United States Constitution.

## XIV. MODIFICATION

57. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only upon the Court's approval.

/////
/////
/////

## XV. TERMINATION

58. This Consent Decree expires ten (10) years following the Effective Date, unless at that time Defendants are out of compliance with any provision, in which case the Consent Decree does not expire until Defendants achieve compliance.

59. Termination of this Consent Decree does not extinguish the requirements of Paragraph 23 above.

## XVI. SIGNATURES/SERVICE

60. Each undersigned representative of Defendants and the United States Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party he represents to this document.

61. This Consent Decree may be signed in counterparts, such counterpart signature pages shall be given full force and effect, and its validity shall not be challenged on that basis. Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVII. INTEGRATION

62. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes any prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. Other than Appendices hereto, and modifications made effective in accordance with Section XIV of this Consent Decree, the Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVIII. FINAL JUDGMENT AND RETENTION OF JURISDICTION

63. Upon its approval and entry by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendants. The Parties waive any rights to appeal such final judgment.

64. This Court retains jurisdiction over this action for the purpose of resolving disputes arising under this Consent Decree, or entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

**XIX. APPENDICES**

65. Appendices 1 through 3 are attached to and part of this Consent Decree.

IT IS SO ORDERED.

Dated, entered, and made effective this 7th day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Dated: _____, 2017    _____[2]
JEFFREY H. WOOD
Acting Assistant Attorney General
ERIC GRANT
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
*Attorney for the United States*

Dated: _____, 2017    _____
JOHN DUARTE
Individually and as President of Duarte Nursery, Inc.

_____
PETER PROWS
BRISCOE IVESTER & BAZEL LLP
*Attorney for Duarte Nursery, Inc. and John Duarte*

_____
ANTHONY L. FRANÇOIS
PACIFIC LEGAL FOUNDATION
*Attorney for Duarte Nursery, Inc. and John Duarte*

---

[2] Proposed Consent Decree filed by parties contains signatures of all parties and counsel.

18